PORT TERMINAL RAILROAD ASSO-
CIATION, Appellant,

v.

W. C. LEONHARDT, Appellee.

No. 15707.

Court of Civil Appeals of Texas.

Fort Worth.

March 30, 1956.

Rehearing Denied April 27, 1956.

Andrews, Kurth, Campbell & Bradley, Raymond A. Cook, and William H. Tenison, Jr., Houston, for appellant.

Wade, Davis, Callaway & Marshall and Clyde M. Marshall, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

The Texas & New Orleans Railroad Company joined with other railroads and persons in a joint enterprise in Harris County, Texas. The joint enterprise was the operation of the activities of normal railroad facilities servicing the wharves and water-transportation carriers along the Houston Ship Channel. In other words, the network of rail lines was operated as a joint venture rather than by each railroad corporation attempting to build and maintain individual lines to and from the loading and unloading points along said Channel. The enterprise was conducted under the name of Port Terminal Railroad Association. Said Association was formed pursuant to contract between the member railroads and other persons, and partook of the nature of a joint adventure as discussed in chapter thereon in 25 Tex.Jur., beginning at page 159. See also the chapter on "Associations" in 5 Tex.Jur., beginning at page 122.

On September 12, 1954, the truck of W C. Leonhardt was in Harris County. While being driven across a railroad crossing it was struck and damaged by an engine of the Texas & New Orleans Railroad Company, operated at the time as a part of the activities of the Port Terminal Association. Leonhardt brought a suit for damages because thereof in Tarrant County, Texas. He sued both the Railroad Company and the Association. . Both defendants filed pleas of privilege to be sued in the county of their residences, to-wit, Harris County.

Leonhardt filed a controverting affidavit as to each defendant sued. The pleas of privilege were heard and overruled in the trial court. The Port Terminal Railroad Association is before us on appeal, the Texas & New Orleans Railroad Company is not.

Venue as to the Railroad Company, a nonresident, was clearly held in Tarrant County under Subdivision 23, of Article 1995, Vernon's Ann.Tex.Civ.St. Said Company had an agency or representative in and also operated its road in said county, it being the residence of Leonhardt.

■ The Association contends that as an "association" within the meaning of Article 6133, V.A.T.S., it has a residence in Harris County as a separate legal entity. As such, it claims that it is subject to the venue provisions of Subdivision 23 of Article 1995, providing that suits against it may be brought in the county of a plaintiff's residence when it has an agency or representative in said county. We agree with the Association that for purposes of litigation, in view of Articles 6133 to 6136, inclusive, it is to be considered as an entity having a residence in Harris County. 5 Tex.Jur., p. 123, "Associations", sec. 2, "Definition and Nature"; Frank v. Tatum, 1894, 87 Tex. 204, 25 S.W. 409; Eastern States Petroleum Co. v. Texas & N. O. R. Co., Tex.Civ.App., Eastland, 1938, 114 S.W.2d 408, writ dismissed. See the interesting study of the origin and purpose of this character of remedial statute 2 P.2d at page 759 of the case of Jardine v. Superior Court of Los Angeles County, 1931, 213 Cal. 301, 2 P.2d 756, 79 A.L.R. 291.

But it is to be noted that Article 6137 provides that when members of such an association are made parties individually, as defendants along with the association, any judgment thereafter obtained by a plaintiff extends to and is binding upon the property of said individual defendants subject to execution in the event the execution issued upon joint property of the association is returned without satisfaction. Article 6138 declares that the provisions of all the Articles under the chapter, Title 105, Chapter Two, "Unincorporated Joint Stock Companies", shall be construed as cumulative merely and not to affect or impair the right of any person to sue the individual members of any association. We believe the members are individually responsible, just as though there had been no statute, and that a plaintiff still has the option of suing them as individuals if he is willing to undertake the risk of failing to name them all or correctly. See Davison v. Holden, 1887, 55 Conn. 103, 10 A. 515.

■ In our view the evidence, supported by the pleadings, established the fact that for the purposes of the enterprise jointly prosecuted by the member companies, etc., in Harris County (pursuant to which Leonhardt's damages were sustained), each of them were partners. Each member would be individually liable just as in partnership cases in the event of the tort of any one within the scope of association activities. See 5 Tex.Jur., p. 139, "Associations", sec. 19, "Torts". Therefore, since the suit brought by Leonhardt is lawfully maintainable against the Railroad Company in Tarrant County under Subdivision 23 of Article 1995, and since the Association is jointly and severally liable along with the Railroad Company and is a person or entity whose presence is necessary to the enforcement of Leonhardt's full cause of action, venue is maintainable against the Association along with the Railroad Company in Tarrant County. Clark, Venue in Civil Actions, p. 175, Ch. 29a, "Two or More Defendants".

Though Leonhardt did not expressly allege that he was relying upon the provisions of Subdivision 29a of Article 1995, in order to establish venue as to the Association, the venue facts or "facts relied upon to hold venue" as applied to his case against the Association were sufficiently alleged to entitle the trial court to overrule the Association's plea of privilege in light of the evidence.

■ Under the circumstances of the case, Leonhardt was not confined to Subdivision 23 of Article 1995 in establishing venue. We nevertheless believe he did establish it under that Subdivision. The member Railroad Company's execution of bills of lading for shipment of cargo to points served by the Association enures to the benefit of the Railroad Company itself, as a member or partner in the enterprise, in that the part of the shipping

charge made therefor becomes a credit to the overall expense of operating the Association activities, in view of the provisions of contract between the other members and the Railroad Company (Texas & New Orleans Railroad Company). For all necessary purposes, each of the individual members acts as an agency of the Association in the execution of such bills of lading relative to cargo shipped to points on Port Terminal.

Judgment is affirmed.