Ted OWENS, et ux., Christine
Owens, Appellants,

v.

J. A. DUTCHER, Appellee.

No. 2–81–019–CV.

Court of Appeals of Texas,
Fort Worth.

June 3, 1982.
Rehearing Denied July 1, 1982.

Jacobs-Taylor-Cocanower, and S. C. Cocanower, Fort Worth, for appellants.

Thompson, Coe, Cousins & Irons, and Russell W. Schell, Dallas, for appellee.

Before MASSEY, C. J., and BROWN and JORDAN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal by the Plaintiffs from a damage award by the court following a jury trial on a suit for property damages based on negligent tort.

We reverse and render.

Appellants (plaintiffs below) were tenants in a condominium unit in which a fire occurred causing extensive loss to their personal property.

Appellee (defendant below) was the owner of the condominium unit occupied by the appellants as lessees.

The fire began in the wiring which serviced an external light fixture in condominium "common elements" at the condominium known as Eastridge Terrace.

In addition to appellee, the appellants sued Eastridge Terrace Condominium Association, Joe Hill Electric Company, a class of owners of condominiums in Eastridge Terrace, and condominium developer, IHS–8 Ltd., for recovery of their damages. With the exception of appellee, all defendants had obtained a change of venue to Dallas County.

The case was tried before a jury which found that the light fixture in question was defective because of the lack of an insulating box in the exterior wall air space.

The jury further found that Eastridge Condominium Association knew the premises in question were unfit for habitation because of the absence of an insulating box at the light fixture and was negligent in failing to install an insulating box, both of which were found to have been proximate causes of the fire.

The jury found that the Association's negligence alone caused the fire which resulted in damage to the appellants' property in the amount of $69,150.00.

Following the jury verdict the trial court rendered judgment against appellee in the amount of $1,087.04, which represents appellants' damages multiplied by appellee's 1.572% *pro rata* undivided ownership in the common elements of the Eastridge Terrace Condominium.

An agreed statement of facts was filed with this court. The parties stipulated that the sole issue for determination is whether: the pro rata judgment rendered by the court is correct; or appellee is liable for the entire damages as appellants contend; or another rule of law should apply.

Appellants contend that the court erred in holding appellee liable only for the proportion of their damages that his undivided ownership in the common elements of the condominium bears to the total damages found by the jury.

Appellants base their argument on case law, which provides that members of an association are jointly and severally liable for tortious acts caused by the acts and omissions of the association in the use of property submitted by the members of the association to the control of the association. They cite *Port Terminal Railroad Association v. Leonhardt*, 289 S.W.2d 649 (Tex.Civ. App.—Fort Worth 1956, no writ).

■ The condominium concept in Texas is the ownership of two estates merged into one, a fee simple ownership or leasehold in the unit occupied and a tenancy in common in the common elements. 11 Hous.L.Rev. 454, The Condominium and the Corporation—A Proposal for Texas (1974).

The Texas Condominium Act, V.A.C.S. art. 1301a, is silent on the issue of assessment of damages to a unit owner for injuries sustained by a third person caused by a latent, unknown and nondiscoverable defect in common elements where the condominium association, of which the unit owner is a member, is found to be negligent in maintenance of the common elements.

Therefore, it is left to this court to determine the extent to which individual unit owners may become liable to a third person for tortious conduct arising in the common areas of the condominium project.

Typically, a condominium consists of a single unit or apartment separately owned in a multiple unit structure or structures with common elements. V.A.C.S. art. 1301a sec. 2(d).

General common elements include the foundations, bearing walls and columns, roofs, halls, lobbies, stairways, and entrances and exits or communication ways. V.A. C.S. art. 1301a sec. 2(*1*)(2).

Individual owners maintain their own apartments, and an association obtains funds for the care of the common areas by charging dues and levying assessments on each apartment owner.

In the absence of a statutory limitation, there appears to be no escape-proof method of insulating the unit owners in a condominium regime from unlimited liability resulting from negligent maintenance and operation of these premises. Consequently, the risk of unlimited tort liability arising from injuries to third persons as a result of unsafe conditions in the common areas or conduct of common servants is great. Powell on Real Property, Part III, Vol. 4B sec. 633.25 (1976).

Many condominium statutes like Texas remain silent on the nature and extent of a unit owner's noncontractual liability. Legal observers therefore conclude that, as co-owners, participants would be jointly and severally liable for tortious conduct in connection with the project. Rohan, Real Estate Transactions-Condominium Law and Practice, Vol. 1 Part 3 sec. 10A.03 Unit Owner Liability (1979).

To avoid this harsh remedy other jurisdictions have enacted legislation which more equitably distributes liability among all members of the association.

The Federal Housing Authority Model Act is intended to guide persons interested in condominium legislation and is regarded by the FHA as the best framework within which to obtain the objectives of condominium ownership. Most statutes in accordance with the FHA Model Act provide that each apartment owner is entitled to an undivided interest in the common areas and facilities in the percentage expressed in the declaration, such percentage to be computed by taking as a basis the value of the apartment in relation to the value of the property. 15A Am.J.2d Condominiums and Co-Operative Apartments, sec. 33 (1976).

Ordinarily, the FHA suggested condominium bylaws contain provisions regarding maintenance, repair, and replacement of common property.

The statutes which follow the FHA Model Act generally provide that the association of apartment owners is responsible for the maintenance and repair of the common elements.

■ The general rule is that the individual unit owner is liable for torts committed within that portion of his unit over which he has exclusive possession and control and each apartment owner is liable equally with other unit owners for any tort liability growing out of defective construction or maintenance of the common areas and facilities. 15A Am.J.2d Condominiums and Co-Operative Apartments, sec. 43 (1976).

Case law on this issue is sparse and the only case brought to our attention which has attempted to deal with a similar problem involves an action by an owner of a condominium unit for personal injuries he received because of equipment negligently maintained by the condominium association in a common area of the condominium project. *White v. Cox*, 17 Cal.App.3d 824, 826, 95 Cal.Rptr. 259 (1971). There the court stated that control of a condominium is normally vested in a management body over which the individual member has no direct control. It was held in that case that a condominium possessed sufficient aspects of an unincorporated association to make it liable in tort to its members. The majority in that opinion did not consider a unit owner's liability in tort to third persons.

Several provisions in the Texas Condominium Act provide for proportionate contributions by unit owners on a pro rata basis of ownership, but none provide directly for assessment of tort liability. They include V.A.C.S. art. 1301a, sec. 7 which states that ownership of common elements is to remain undivided in common among all unit owners; and sec. 19 which states that a condominium co-owner is the beneficiary of whatever insurance may be procured, and that coverage is in percentages

or fractions provided in the declaration. Section 20 provides that where reconstruction is impractical, indemnity is figured pro rata to co-owners as their interest may appear. Section 21 states that affected co-owners contribute in proportion to the percentage of ownership in the common elements to any uninsured reconstruction cost.

By reciting in detail what we have found relative to the issue before this court, we also reveal clearly what we have found —i.e. there is neither case law nor legislation limiting liability in a tort action brought by a third party against a condominium association and its members, each of whom owns his individual unit and all of whom are owners in common of the common elements. Accordingly, we hold that each unit owner, as a tenant in common with all other unit owners in the common elements, is jointly and severally liable for damage claims arising in the common area.

Appellants' point of error is sustained.

Judgment reversed and rendered for appellants for $69,150.00, total amount of the damages found by the jury and the amount for which there was prayer, plus legal interest thereon from date of the judgment of the trial court, and all costs.

MASSEY, C. J., BROWN and JORDAN, JJ.