JAMES H. BAINES v. JEMISON, GROCE & CO.

No. 50.

**1. Venue in Suits for Illegal Attachments.**

While the Legislature has the power to extend the remedy by enlarging the area of venue, still such intent must be evident before the act would be given a retroactive effect ... .................................. 119

**2. Same.**

Chapter 52, Acts of the Twenty-first Legislature (1889), page 48, prescribing "that any suit for damages growing out of the suing out of any writ of attachment or sequestration, or for the levy of any such writ, may be brought in any county from which such writ was issued, or in any county where such levy was made, in whole or in part, within this State," does not apply to suits pending at its passage........... 120

CERTIFIED QUESTION from Court of Civil Appeals for First District, in an appeal from Shelby County.

*H. B. Short*, for appellant.

*George W. Davis, T. C. Davis*, and *Davidson & Minor*, for appellees.

GAINES, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District submits for our determination the following question:

" The appellant instituted suit in the District Court of Shelby County on the 16th day of March, 1887, for the recovery of damages for the alleged wrongful issuance of an attachment, by the procurement of appellees, Jemison, Groce & Co., from the District Court of Galveston County, and the wrongful and illegal levy of the same in Shelby County, on the 27th of October, 1886, upon appellant's property by the sheriff of Shelby County, at the instance and request of appellees. The appellees, Jemison, Groce & Co., among other pleas, alleged their residence to be in Galveston County, and claimed the privilege of being sued in the county of their domicile. The cause came on for trial on the 14th day of November, 1891, and on that day the jury returned the following verdict: ' We, the jury, find for the defendants upon the plea to the jurisdiction.' And thereupon judgment was rendered, that the plaintiff take nothing by this suit, and that the defendants recover costs.

" The court, in its instruction to the jury upon the question of venue, gave in charge the law as it stood at the institution of the suit, and ignored both the Act approved March 25, 1887, and the Act approved March 29, 1889. The defendant Sims was made a party subsequent to the 16th of March, 1887, the day on which the original petition was filed, but as to when he was made a party the record is silent; his first answer was filed November 11, 1887. The defendants Jemison, Groce & Co. filed their original plea and answer on May 13, 1887.

" The issue of law submitted for adjudication is, Did the court err in giving in charge the law regulating the venue of suits as it existed when the suit was instituted, rather than the law as it is declared in the Act of March 29, 1889 ? "

We are of opinion that the trial judge did not err in his ruling. Since the venue of a suit effects only the remedy, it is clear that it is in the power of the Legislature to amend the laws in relation to that matter; and to make the amendment applicable to causes of action that may have accrued before the passage of the act; and it may be that it would be competent to so change the law as to confer local jurisdiction of a suit already pending upon the court in which it was instituted, although such court did not have jurisdiction at the time the action was brought. But upon this question we need give no opinion. Admitting the power of the Legislature in such a case, its intention would have to be clear before the courts would give the statute such a retroactive effect.

The Act approved March 29, 1889, amends the previous statute upon the subject, so as to make it read as follows: "That any suit for damages growing out of the suing out of any writ of attachment or sequestration, or for the levy of any such writ, may be brought in any county from which such writ was issued, or in any county in which such levy was made, in whole or in part, within this State." Gen. Laws 1889, p. 48. This clearly applies to suits to be brought after the act should take effect. It contains no language indicating an intention that pending actions should be embraced within its provisions.

A party who has been sued in a court which can not take jurisdiction as to his person in the particular action without his consent, has the right, upon his plea of privilege, to have the suit abated and to recover his costs. The Legislature might well decline to deprive him of the right, even had it the power to do so.

We think, therefore, that the act in question was intended to apply only to future actions, and that it did not affect the suit under consideration as originally brought.

The case is clearly distinguishable from that of the Houston & Texas Central Railway v. Graves, 50 Texas, 181. Under the law as it existed at the time that suit was brought, there was a doubt as to plaintiff's right to sue in Collin County. The statute was subsequently amended so as to confer jurisdiction upon the District Court of that county. The plaintiff then amended his petition so as to avail himself of the privilege conferred by the new statute. Upon the trial the defendant's plea to the jurisdiction was held bad, and upon appeal that ruling was sustained. There the filing of the amended petition was the same as the institution of a new suit, and since this occurred after the new law had taken effect, the point was correctly decided.

Being of opinion that the trial court did not err in its decision upon the question presented for our determination, it will be so certified.

Delivered November 2, 1893.