Laura CHURCH, Appellant,

v.

Carl Raymond CRITES, Guardian of the Estate of Eunice Beynon, Appellee.

No. 14125.

Court of Civil Appeals of Texas.

San Antonio.

June 12, 1963.

Rehearing Denied Sept. 11, 1963.

Phillip E. Hamner, San Antonio, for appellant.

Moursund, Ball & Bergstrom, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal from an order of the 57th District Court of Bexar County, Texas, dismissing the appeal of Laura Church from an order of the County Court of Bexar County, appointing Carl Raymond Crites guardian of the estate of Eunice Beynon. The appeal was dismissed for want of jurisdiction, as the record was not filed in the district court within the thirty-day period allowed by the Rules of Civil Procedure. The only question to be determined is whether the trial court erred in dismissing the appeal.

The judgment or order appointing Crites guardian was signed on August 2, 1962. Notice of appeal by Laura Church to the district court was contained in the order. The record was not filed in the district court until Sept. 24, 1962, some fifty-four days after the rendition of the order. Appellee contends that appellant's failure to file the record within thirty days after the rendition of the order was fatal to the appeal, and that the trial court could not have done otherwise than dismiss the appeal.

■ This cause presents a complicated situation. It involves an amendment of the Rules of Civil Procedure which went into effect on September 1, 1962, which was between the time the order containing the notice of appeal was signed and the time the transcript was tendered to the district clerk. The amendment and rearrangement of Rules 332 to 339, inclusive, Texas Rules of Civil Procedure were promulgated by an order of the Supreme Court on April 12, 1962, but not made effective until September 1, 1962, no doubt to give everyone a chance to familiarize himself with the amendments before they went into effect. The record from the county court was presented to the district clerk on September 24, 1962, some twenty-four days after the amendments had taken effect.

Prior to the amendment of September 1, 1962, Rules 336 and 337, read as follows:

"Guardian and Ward

"Rule 336. Notice of Appeal An appeal is taken by causing an entry of notice thereof to be made on the record during the term at which such decision, order or judgment is entered; or, if such decision, order or judgment be made in vacation, by causing the entry of such notice to be made before the close of the next regular term of the court thereafter."

"Rule 337. Transcript on Appeal When notice of appeal has been given, the clerk shall immediately make out a certified transcript of the proceedings and send it to the district court of the county; such transcript shall not contain anything that does not relate to the decision, order or judgment appealed from."

No such language as this is now found in the amended rules. The language of Rule 336 had been construed as perfecting an appeal and giving jurisdiction to the district court simply by the giving of notice of appeal and having it entered of record. Kahn v. Israelson, 62 Tex. 221; Timon v. Dolan, Tex.Civ.App., 244 S.W.2d 987. The effect of these two rules was construed as making the timely filing of the record with the district clerk directory and not mandatory, and therefore not a jurisdictional matter.

The effect of the new rules is to make it the duty of the appellant (formerly it was the duty of the clerk of the county court) to file the record in the district court within thirty days after the signing of the judgment or order in the county court, and to make this requirement mandatory and jurisdictional by the use of the following language of new Rule 336, to-wit: " * * * but no enlargement of the time for filing the record except as contemplated by this rule, nor enlargement of time prohibited by Rule 5, shall be allowed." With reference

to the rearrangement and amendment of Rules 332 through 339, T.R.C.P., we find following Rule 332 of Vernon's Texas Rules of Civil Procedure, as such rule was amended by order of April 12, 1962, effective September 1, 1962, the following note:

"Rule 332 formerly dealt with the appeal bond in probate proceedings involving estates of decedents. Its source was Art. 3699. By amendments effective September 1, 1962, Rules 332 to 339, inclusive, are rewritten and rearranged to establish uniform procedures applicable to appeals in both estate and guardianship proceedings. The provisions of Rule 332 are adapted from Rule 353. Previous notes regarding original Rule 332 and the 1947 amendment thereto have been deleted."

Rule 336 as amended provides: " * * * that upon the filing of a motion in the county court within such thirty day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record, or any part thereof." Rules 332 through 339, as amended, were in effect on September 1, 1962, and governed any further proceedings in this case.

As was said in Phil. H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905, by Justice Pierson, speaking for the Supreme Court:

"This is a procedural statute. It is the settled law that a litigant has no vested right in a remedy, and that remedial statutes are valid and control the litigation from the date they become a law, and all proceedings taken thereafter must be under the new law.

" 'It is competent for the Legislature to deprive the courts of their powers under existing law to modify or vacate judgments rendered prior to the passage of the act.' 12 Corpus Juris, p. 984; Bagby v. Champ, 83 Ky. 13.

"It was said by Chief Justice Willie in the case of Collins v. Warren, 63 Tex. [311] 314:

" 'The repeal of a statute leaves unaffected all rights in the nature of contract which have vested under the original statute. Sedgw.Const. & Stat. Law, 113. As to the effect of such repeal upon remedies existing under the former law, some difference of opinion has existed, but the weight of authority seems to be that, without some saving clause contained in the repealing law, remedies existing under the former statute must give way to those provided by the new one. The new law cannot take away all remedies previously existing, but must leave a substantial one according to the course of justice. Dwarris on Statutes, 474; Cooley on Lim. 289.' "

■ When the Supreme Court makes rules it is the exercise of a legislative power under direct grant by the Constitution, and such rules when promulgated and established have all the effect of statutes. Vernon's Ann.State Constitution, Art. 5, § 25; Vernon's Ann.Tex.Stats., Arts. 1730, 1731; Brown v. Linkenhoger, Tex.Civ. App., 153 S.W.2d 342.

■ The proceedings taken in this appeal subsequent to September 1, 1962, are governed by the amended Rules 332–339, T.R.C.P. No litigant has a vested interest in procedural rules, and new rules may be promulgated and put into effect taking away prior remedies, provided that they do not leave a litigant without any substantial remedy. When September 1, 1962, arrived, appellant, under the amended rules, had five days within which to file a motion for an enlargement of time within which to file her record with the district clerk. This she did not do. Her failure to seek an enlargement of time, as provided by the new rules, precluded her from legally filing her transcript with the district clerk on September

24, 1962. The district clerk acted without legal authority in tardily filing the transcript, and the trial court properly dismissed Laura Church's attempted appeal.

The judgment is affirmed.