Matthew MORRISON, By Frank MORRISON, Guardian of the Person and Estate of Matthew Morrison, Relator,

v.

Honorable Eugene C. WILLIAMS, David J. Garcia, and Rilla Mahoney, Respondents.

No. 04–84–00014–CV.

Court of Appeals of Texas, San Antonio.

Jan. 25, 1984.

Sam Snoddy, El Paso, for relator.

J.M. Mike Lee, Fort Worth, James H. Holmes, III, Dallas, Jack Hebdon, Groce, Locke & Hebdon, San Antonio, for respondents.

Before BUTTS, CANTU and REEVES, JJ.

### OPINION

PER CURIAM.

### ON RELATOR'S MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

Relator, plaintiff in a medical malpractice suit, brings this application for leave to file a writ of mandamus which raises a question concerning the application of the recently amended venue law and procedure to pending venue matters. Leave to file will be denied.

Relator filed his suit in Bexar County against multiple defendants. Two of these defendants are residents of Taylor County. The Taylor County defendants filed a plea of privilege which was heard on August 23, 1983, and sustained by an order signed August 30, 1983. Thereafter, relator filed for a rehearing in the form of a "Motion to Vacate or in the Alternative a Motion for a New Trial." The trial court signed an order overruling this motion on September 28, 1983. Relator contends that since his motion had not been acted upon prior to September 1, 1983, the effective date of the new venue law and procedure, the venue matter had not been finally disposed of until the new law had taken effect. From this relator concludes that the transfer of venue as to the Taylor County defendants was improper since it took place after September 1, pursuant to a hearing conducted and an order entered under the old venue law and procedure. Relator prays that a writ of mandamus issue directing the reinstatement of the part of the suit against the Taylor County defendants in the suit pending in Bexar County.

The recent amendments to the primary venue statute,[1] TEX.REV.CIV.STAT.ANN. art. 1995, and to TEX.R.CIV.P. 86–89 alter significantly venue practice and procedure in this state. The exceptions in art. 1995 are modified and reorganized, and new pleading and hearing procedures are instituted. Perhaps the most significant change is the elimination of the right to an interlocutory appeal from a venue determination. A court's venue determination may now be challenged only on appeal from a trial on the merits.

Section 3 of the new act states:

This act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

---

1. Act of June 17, 1983, ch. 385, § 1, 1983 Tex. Gen.Laws 2119.

This is the only savings clause included in the act. Clearly the Legislature intended the former law to apply beyond September 1, 1983, only to appeals pending on that date. *Byrd v. Pharris*, 663 S.W.2d 856 (Tex.App.—San Antonio, 1983, no writ). All other litigation became governed by the new law on September 1, 1983. *See Ex parte Abell*, 613 S.W.2d 255, 261 (Tex. 1981).

■ It has long been the law that rulings on venue matters become final within the same time as judgments on the merits become final. *Wichita Falls & S.R. Co. v. McDonald*, 141 Tex. 555, 174 S.W.2d 951, 953 (1943). Thus, since the trial court retained plenary power to modify or vacate its order, it may be said that the venue matter in the instant case was not finally determined on September 1. This fact, however, does not necessitate the overturning of the trial court's order. That order was signed in August pursuant to a venue hearing properly pleaded and conducted under the law as it existed at that time. The fact that the part of the suit involving the Taylor County defendants was not physically transferred until September, 1983, after the overruling of relator's motion, does not mandate the negation of a venue hearing properly conducted and an order properly entered under the existing law. Once the order became final, the transfer of the cause relating to the Taylor County defendants became a ministerial act, *Sherrill v. Sherrill*, 359 S.W.2d 330, 332 (Tex.Civ.App. —Waco 1962, writ dism'd w.o.j.), properly performed under the newly amended TEX. R.CIV.P. 89. The fact that the order became final in September does not affect what already had been properly determined. In the absence of an express intent to the contrary, legislation dealing with procedural matters, such as venue, applies to pending litigation to the extent that past steps taken under the previous rule or statute will not be affected, but subsequent steps will be governed by the new rule. *Ex parte Abell*, 613 S.W.2d at 260; *Brooks v. Texas Employers' Insurance Association*, 358 S.W.2d 412, 414 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). We find no indication in the new statute that the Legislature intended to give it retroactive application such that venue hearings conducted and orders entered prior to September, 1983, must be redone under the new law and procedure.

■ Having determined that the August hearing and order and the September transfer were properly accomplished according to the then applicable law and procedure, we must deny the application for leave to file. Mandamus relief from a nonappealable interlocutory order requires the showing of a serious denial of a right for which the remedy by appeal is inadequate. *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex.1962). None has been shown here. If the trial court erred in its venue determination, relator may raise the error in an appeal from the trial on the merits. Relator has not shown that this remedy provided by the Legislature under the new law is inadequate. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (1945). Neither the delay in obtaining relief nor the added court cost of the appellate process makes the remedy at law inadequate. *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

Application for leave to file writ of mandamus is denied.