**Henry A. GRUBBS et al., Appellants,**

v.

**MERCANTILE TEXAS CORPORATION, Appellee.**

**No. 11–83–248–CV.**

Court of Appeals of Texas, Eastland.

March 1, 1984.

Grey Pierson, Pierson & Galyen, Inc., Arlington, for appellants.

M. David Bryant, Jr., Brian Watts, Hughes & Hill, W.S. Barron, Jr., Brice & Barron, Dallas, for appellee.

DICKENSON, Justice.

This interlocutory venue appeal challenges the trial court's order dated October 3, 1983, which sustained a plea of privilege. Since the appeal was not pending on the effective date of the 1983 revisions to the venue statute, we grant appellee's motion to dismiss the appeal.

Certain minority shareholders [1] filed a derivative action against their corporation, Consolidated Bancshares, Inc., and its board of directors.[2] Plaintiffs also sued Mercantile Texas Corporation. Plaintiffs sought to set aside the acquisition by Mercantile Texas Corporation of all of the capital stock in Abilene National Bank in exchange for the cancellation of a nine million dollar debt owed by Consolidated Bancshares, Inc. The transaction occurred after the Comptroller of the Currency issued a cease and desist order to Abilene National Bank requiring thirty million dollars in new equity capital. When that money was not raised, Mercantile Texas Corporation proposed to retain its collateral, the stock ownership of Abilene National Bank which had been mortgaged to secure the debt, in satisfaction of the nine million dollar obligation owed by Consolidated Bancshares,

---

1. These plaintiffs are Henry A. Grubbs, Don Pierson, Marilyn Pierson Van Zandt, Betty Culver, Donald Grey Pierson, Edwin Brahaney, F.T. Brahaney, Mrs. F.H. Murphy, and Nancy Young.

2. The defendant directors are Don Earney, Walter Rinehart, James Anderson, James Skinner, John Thompson, Eugene Sanders, Steve Chapman and Donald McDonald.

Inc.[3]  The defendant directors accepted unanimously.  Mercantile Texas Corporation claims that more than seventy million dollars of new equity capital was invested before plaintiffs filed this suit on September 7, 1982.

The venue hearing occurred on July 28, 1983, but the order sustaining Mercantile Texas Corporation's plea of privilege was not signed until October 3, 1983.  In the meantime, Senate Bill 898 took effect on September 1, 1983.  See Ch. 385, sec. 3, 1983 TEX.GEN.LAWS 2119 at 2124 which provides:

> This Act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions.  For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

We agree with the majority opinion in *Graue-Haws, Inc. v. Fuller,* 666 S.W.2d 238 (Tex.App.—El Paso 1984, original proceeding), that the venue statute revisions apply to all cases which were not "pending appeals" on September 1, 1983.  Since this appeal was not pending on that date, it is subject to the current provision of TEX. REV.CIV.STAT.ANN.  art.  1995, sec. 4(d)(1), as found in Ch. 385, sec. 1, 1983 TEX.GEN.LAWS 2119 at 2124, stating in pertinent part: "No interlocutory appeal shall lie from such determination (of venue questions)."  Moreover,  TEX.REV.CIV. STAT.ANN. art. 2008 (Vernon 1964) which authorized interlocutory venue appeals was repealed by Senate Bill 898.  See Ch. 385, sec. 2, 1983 TEX.GEN.LAWS 2119 at 2124.

As noted by the majority opinion in *Graue-Haws, Inc. v. Fuller,* supra, p. 239, the venue questions can be considered when a final judgment has been rendered.

Appellee's motion to dismiss is granted. The appeal is dismissed.

---

**3.**  See  TEX.BUS.  &  COM.CODE  ANN.  sec.  9.505(b) (Vernon Supp. 1982–1983).