**Nan Williams BOYD & Stephen Boyd, Appellants,**

v.

**RAYMONDVILLE STATE BANK, Appellee.**

**No. 13–83–468–CV.**

Court of Appeals of Texas, Corpus Christi.

March 15, 1984.

William C. Ferebee, Ferebee & Ferebee, Houston, for appellants.

Jerry Stapleton, Stapleton, Whittington, Curtis & Huddleston, Harlingen, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

In this plea of privilege case, appellee, Raymondville State Bank, contends in a reply point that this appeal should be dismissed for want of jurisdiction. Appellee predicates its contention on the recent changes effective September 1, 1983 to the venue statute, TEX.REV.CIV.STAT.ANN. art. 1995 (effective September 1, 1983), and to Rules 86, 87 and 88, Tex.R.Civ.P. The amended Rule 87 § 6, effective September 1, 1983, provides that there are no longer any interlocutory appeals from a trial court's ruling on venue. TEX.REV.CIV. STAT.ANN. art. 1995 § 3 (effective September 1, 1983) provides that "[t]his act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect."

The transcript reveals that, on June 3, 1983, appellee filed its original petition. On July 21, 1983, appellant filed its plea of privilege. On July 29, 1983, appellee filed its controverting plea. On August 3, 1983, a hearing was set on the plea of privilege for September 19, 1983. On September 19, 1983, a hearing was held on the plea of privilege. Appellant's plea of privilege was overruled by order signed October 4, 1983. On October 31, 1983, appellant filed her Certificate of Deposit of Cash In Lieu of

Cost Bond, thereby perfecting appeal to this Court.

In the present case, there was no "pending appeal" on a venue question as of September 1, 1983. Under the plain construction section 3 of TEX.REV.CIV.STAT. ANN. art. 1995 (effective September 1, 1983), the new statute applies to venue matters that were not determined and appealed prior to September 1, 1983, regardless of when the case was filed. Since the present case had not reached the status of a "pending appeal" as of September 1, 1983, the new venue statute, TEX.REV. CIV.STAT.ANN. art. 1995 (effective September 1, 1983) and the amended Rule 87 § 6, Tex.R.Civ.P., effective September 1, 1983, are controlling. Appellee's request to dismiss for want of jurisdiction is granted.

Appeal dismissed.