## MID–CONTINENT SUPPLY COMPANY, Appellant,

v.

## Mark A. CLEMENTS, Appellee.

### No. 12–84–0052–CV.

Court of Appeals of Texas, Tyler.

May 3, 1984.

Dismissed for Want of Jurisdiction Sept. 5, 1984.

Fred L. Nix, Patton & Nix, Longview, for appellee.

Mark A. Clements, Rod Patterson, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellant.

ON MOTION FOR REHEARING

COLLEY, Justice.

On the 5th day of April, 1984, we delivered a *Per Curiam* opinion dismissing this appeal without prejudice to the rights of Mid-Continent. Mid-Continent filed a motion for rehearing, and we now withdraw that opinion and substitute the following therefor.

This is an appeal from an order overruling a plea of privilege signed on March 6, 1984.

The record shows that Clements filed this personal injury suit in February 1983; and, that a plea of privilege filed by Mid-Continent in due order of pleading was controverted by Clements on March 29, 1983. Thereafter on request of Mid-Continent the trial court set a hearing on the plea of privilege for August 26, 1983, which hearing was, on Clements' motion, continued until September 16, 1983. On September 16, 1983, the hearing was again rescheduled, and was conducted on February 23, 1984.

The principal question presented in this appeal is whether or not it is an impermissible interlocutory appeal under the 1983 amendatory act to art. 1995.[1]

Mid-Continent argues in its motion for rehearing on file herein that the appeal should not have been dismissed by us, but rather decided on the merits because the suit, the plea of privilege and the controverting affidavit were all filed prior to September 1, 1983. Mid-Continent contends that the second sentence of section 3 of the amendatory act of 1983 [2] mandates the application of the former venue statute to the venue questions pending in the trial courts on September 1, 1983. Mid-Continent argues in effect that once a plea of privilege is filed and controverted, that a venue question is "pending" within the import of the quoted savings clause and that any other interpretation would render the sec-

ond sentence meaningless or conflicting with the first sentence. In support of its argument, Mid-Continent cites, without proper identification, *Gonzales v. H.E. Butt Grocery Co.*, decided by the Corpus Christi Court of Appeals on November 20, 1983, and *Morrison v. Williams*, 665 S.W.2d 212 (Tex.App.—San Antonio, 1984). We have determined that *Gonzales v. H.E. Butt Grocery Co., supra*, is an unpublished opinion, and therefore has no precedential value. Rule 452(f), Tex.R.Civ.P. In *Morrison v. Williams, supra*, the San Antonio court overruled a motion for leave to file a petition for writ of mandamus to compel a trial judge to retry a plea of privilege which had been sustained by written order on August 30, 1981. Such decision does not support Mid-Continent's contentions here, and moreover, that case is clearly distinguishable on its facts from our case.

We do not agree with Mid-Continent's contention that the second sentence (savings clause) of Section 3 of the amendatory act of 1983 authorizes an interlocutory appeal in venue matters under the former law under the facts in this case.

We interpret the first sentence of Section 3 of the amendatory act as stating the effective date of the act, and clearly stating that its provisions shall not apply to appeals on venue questions which appeals are pending in the appellate courts as of September 1, 1983. If the legislature had omitted the second sentence then there would be no law governing venue on appeals pending in the appellate courts as of September 1, 1983. However, the legislature then provided, in effect, by the second sentence that the former law was continued in effect and that such pending appeals shall be decided on the basis of the former law. In essence, the first sentence exempts pending appeals from the application of the new venue law; and the second

---

1. Acts 1983, 68th Leg. p. 2119, ch. 385 § 1, General and Special Laws.

2. This act shall take effect September 1, 1983, and shall not apply to pending appeals in venue

questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

sentence prevents the outright repeal of the former law and provides that it shall remain in effect to govern appeals in venue matters to which the new law is not applicable. Perhaps it would have been wiser to have limited the application of the 1983 act to venue questions in cases filed in the trial court after September 1, 1983, but the legislature did not choose to do so, and we may not rewrite the savings clause in question to bring about that result in light of the plain import of the language used in Section 3.

The motion for rehearing is overruled, and this appeal is dismissed as interlocutory without prejudice to the rights of Mid-Continent as to the venue question under the provisions of Art. 1995, § 4(d)(2), Tex. Rev.Civ.Stat.Ann. (Vernon Pamphlet Supp. 1964–1983).