Thomas Eugene **WELLS** and wife Maggie Wells, Appellants,

v.

**METRO FINA COMPANY**, a Texas Corporation, Appellee.

No. 08–83–00352–CV.

Court of Appeals of Texas, El Paso.

Sept. 5, 1984.

C.R. Kit Bramblett, El Paso, for appellants.

John E. Keithly, Anthony, N.M., for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

WARD, Justice.

Appellants characterize this action as "an interlocutory appeal from an order overruling Appellants' Plea of Privilege."

Because the appeal was not perfected until after September 1, 1983, we will dismiss the appeal for want of jurisdiction.

The Appellee filed suit on a sworn account in the 65th District Court of El Paso County; the Appellants filed their plea of privilege to be sued in the county of their residence, both actions occurring prior to September 1, 1983. A hearing was held June 9, 1983, on the plea of privilege. The order denying the Appellants' plea was entered on October 28, 1983. Notice of Appeal was filed November 10, 1983, and a certificate of deposit of cash in lieu of cost bond was filed November 10, 1983. This is thus, a purported appeal from an order overruling a plea of privilege which was taken and perfected after September 1, 1983. No such interlocutory appeal is now permitted. *Grubbs v. Mercantile Texas Corp.*, 668 S.W.2d 429 (Tex.App.—Eastland 1984, no writ history); *Ramcon, et al. v. American Steel Building Co., Inc.* 668 S.W.2d 459 (Tex.App.—El Paso 1984, no writ); *Boyd v. Raymondville State Bank*, 668 S.W.2d 466 (Tex.App.—Corpus Christi 1984, no writ history); *Graue-Haws, Inc. v. The Honorable Lawrence Fuller*, 666 S.W.2d 238 (Tex.App.—El Paso 1984, no writ); *Morrison by Morrison v. Williams*, 665 S.W.2d 212 (Tex.App.—San Antonio 1984, no writ history); *Byrd v. Pharris*, 663 S.W.2d 856 (Tex.App.—San Antonio 1983, no writ). Contra: *Gonzalez v. H.E. Butt Grocery, Co.*, 667 S.W.2d 188 (Tex. App.—Corpus Christi 1983, no writ).

The appeal is dismissed.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent on the basis that this case should be determined under the law existing prior to the September 1, 1983, amendments. I would interpret Senate Bill 898, 68th Legislature (1983), amending Article 1995 and repealing Article 2008, Tex. Rev.Civ.Stat.Ann. to provide that cases filed prior to September 1, 1983, are to be determined under the prior law. Poor legislative draftsmanship has created the problem of the effective date of the legisla-

tion and at least eight cases by the courts of appeals have passed on the question as presented in various procedural stages of trial with varying reasons for the conclusions each reached. To date, the Supreme Court has not had occasion to construe the statute. However, conflict exists. The case of *Gonzalez v. H.E. Butt Grocery, Co.*, 667 S.W.2d 188 (Tex.App.—Corpus Christi 1983, no writ) conflicts with the cases cited in our majority opinion.

As noted, the one act, Senate Bill 898, both amends Article 1995 and repeals Article 2008, so that when it speaks of the effective date, that includes the changes in Article 1995. Section 1 of the act makes extensive amendments to Article 1995 with its many exceptions to the general venue rule. It is followed by Sections 2 and 3, providing:

> Section 2. Article 2008, Revised Civil Statutes of Texas, 1925, as amended, is repealed.
>
> Section 3. This act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

It is the writer's belief that under rules of statutory construction, the interpretation to be given this act is that the former venue statute governs all cases filed prior to the effective date and all cases filed after that date are governed by the amended statute.

The effective date is stated. That is followed by additional provisions as to pending appeals. There is no mention of suits pending in the trial courts. Our question becomes, did the legislature intend that the amendment should alter the venue of pending suits—be retroactive? The rule of construction is that an act will not be applied retrospectively unless it appears by fair implication from the language of the entire act that it was the intent of the legislature to make it applicable to both past and future transactions. *Ex parte Abell*, 613 S.W.2d 255 (Tex.1981); *Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas*, 573 S.W.2d 502

(Tex.1978); *Coastal Industries Water Authority v. Trinity Portland Cement Division, General Portland Cement Company,* 563 S.W.2d 916 (Tex.1978). And it is held, a statutory amendment is presumed to operate prospectively only. *Amplifone Corporation v. Cameron County,* 577 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1979, no writ). And the burden of persuasion is on the one urging retroactive construction. Considering the entire act before us, there is no "fair implication" that the legislature intended it to be retroactive. Nothing is presented to overcome the presumption against retroactivity. If the act is construed to be retroactive, then all cases filed prior to September 1, 1983, and not on appeal by that date, are without a remedy. They are too soon for the new act and too late for the old law. What was pled, how and when, under the old law cannot be used under the new, for as noted, some actions have been abolished and the requirements to qualify for relief under the new law have been so harnessed by new rules of procedure, effective September 1, 1983, that there is no possibility of carrying over into the new what was started under the old. See Rules 86 through 89, inclusive. Tex.R.Civ.P. In fact, a reading of those rules raises the belief that the Supreme Court wrote them with no thought that the act was retroactive. As to construction of venue statutes in particular, Texas courts have many times determined the applicability of an amendment of a venue statute to a case filed before the amendment's effective date. Each time, the courts have held that the law in effect at the time of the filing of suit determined venue. Beginning with *Baines v. Jemison,* 86 Tex. 118, 23 S.W. 639 (1983) (answering as a certified question the very question now before us). For an excellent discussion of the present amendment see McCown, The Effective Date of the Venue Amendments, State Bar Litigation Report, The Advocate, April, 1984, Vol 3, No. 2. Professor McCown cites authorities for the fact that since the case of *Baines v. Jemison,* "the legislature has never been found to have intended to alter the venue of a pending suit in an amendment to a venue statute."

The instant case does not qualify as an exception from that construction of legislative intent. There is no right of appeal under the amended act, but this case was filed under the old law and should be processed through the courts under that law. I would not dismiss the appeal.