**MacWHYTE COMPANY, Relator,**

v.

**Honorable Alex R. GONZALEZ, Respondent.**

**No. 08–84–00443–CV.**

Court of Appeals of Texas, El Paso.

March 6, 1985.

Harrell Feldt, Marc L. Skeen, Stubbe-man, McRae, Sealy, Laughlin & Browder, Inc., Midland, for relator.

Alex R. Gonzalez, Judge, 83rd District Court, Fort Stockton, pro se.

Mark L. Withrow, Michael C. Steindorf, Turpin, Smith, Dyer & Saxe, Midland, for interested party.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an original proceeding for writ of mandamus. Relator prays that the Honorable Alex Gonzalez, District Judge, be commanded to vacate his order overruling Relator's motions to transfer venue and command him to transfer the case of *Morales v. MacWhyte Co., et al.* to a district court in Dallas County, Texas. See 688 S.W.2d 202. We shall refer to Relator as MacWhyte. We deny the writ.

Calixto Morales suffered personal injuries on December 30, 1976, while on his job site in Pecos County, Texas, when a wire rope on a crane broke. His suit was filed in Pecos County on December 28, 1978, alleging MacWhyte manufactured the rope. On April 20, 1982, the trial court overruled Relator's plea of privilege to move the case to Dallas County. On December 1, 1982, this Court reversed the trial court's venue decision and remanded the case to the trial court. While the matter was back in the trial court, the new venue statute (Article 1995, Tex.Rev.Civ.Stat. [Vernon Supp. 1985]) and new venue rule (Rule 86, Tex.R. Civ.P.) went into effect September 1, 1983. On April 25, 1984, Relator filed a new plea of privilege or in the alternative, a motion to transfer venue. On August 15, 1984, the Respondent judge denied the transfer

based on the amended venue statute and rule, and we believe correctly.

 Relator argues that since this Court had remanded the venue matter, the old venue law should now be applied by the trial court and by this Court in hearing the second appeal. Relator argues that the law of the case should be applied. A litigant does not have a vested right in procedural rules, and new rules may be put into effect taking away prior remedies provided the litigant is not left without any remedy. *Church v. Crites,* 370 S.W.2d 419 (Tex.Civ. App.—San Antonio 1963, writ ref'd n.r.e.). The law of the case applies only to matters dealt with in the prior appeal. *Denny v. White House Lumber Company,* 150 S.W.2d 296 (Tex.Civ.App.—Amarillo 1941, writ dism'd). This Court did not determine in the prior appeal of the venue matter whether the venue law before or after September 1, 1983, should apply to the matter on remand. As to the argument that this Court has continuing jurisdiction, this Court retains only enough power over a case to ensure that its decisions are executed. *Wells v. Littlefield,* 62 Tex. 28 (1884); *Hughes v. Sanders,* 243 S.W.2d 211 (Tex.Civ.App.—San Antonio 1951, no writ). Relator had received all remedies heretofore ordered by this Court. This Court does not retain jurisdiction to hear a case again after it has been remanded to a trial court unless a second appeal is duly perfected. In this instance, under the amended statute and rule, the appeal does not now lie. That is not to suggest that Relator is left without a remedy. Its appeal has merely been deferred until the matter reaches an appellate court on its merits.

 This Court does not have jurisdiction of the interlocutory venue appeal as reflected by its opinion issued this same date, 688 S.W.2d 202. *Wells v. Metro Fina Co.,* 677 S.W.2d 251 (Tex.App.—El Paso 1984, no writ); *Grubbs v. Mercantile Texas Corp.,* 668 S.W.2d 429 (Tex.App.—Eastland 1984, no writ); *Ramcon Corporation v. American Steel Building Company, Inc.,* 668 S.W.2d 459 (Tex.App.—El Paso 1984,

no writ); *Boyd v. Raymondville State Bank,* 668 S.W.2d 466 (Tex.App.—Corpus Christi 1984, no writ); *Graue-Haws, Inc. v. The Honorable Lawrence Fuller,* 666 S.W.2d 238 (Tex.App.—El Paso 1984, no writ); *Morrison by Morrison v. Williams,* 665 S.W.2d 212 (Tex.App.—San Antonio 1984, no writ); *Byrd v. Pharris,* 663 S.W.2d 856 (Tex.App.—San Antonio 1983, no writ). *Contra: Gonzalez v. H.E. Butt Grocery Co.,* 667 S.W.2d 188 (Tex.App.—Corpus Christi 1983, no writ). Nor do we find that the Relator is entitled to the writ. An adequate remedy at law is available to the Relator on the final appeal of the case on the merits, should that be necessary. We find no abuse of discretion on the part of a trial court in applying the law in effect at the time of the filing of the motions in question and the hearing thereon. Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1985); Rule 86, Tex.R.Civ.P.

The writ of mandamus is denied.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent on the basis that this case should be determined under the law existing prior to the September 1, 1983, amendments. I would interpret Senate Bill 898, 68th Legislature (1983), amending Article 1995 and repealing Article 2008, Tex. Rev.Civ.Stat.Ann., to provide that cases filed prior to September 1, 1983, are to be determined under the prior law. Poor legislative draftsmanship has created the problem of the effective date of the legislation and at least eight cases by the courts of appeals have passed on the questions as presented in various procedural stages of trial with varying reasons for the conclusions each reached. To date, the Supreme Court has not had occasion to construe the statute. However, conflict exists. The case of *Gonzalez v. H.E. Butt Grocery, Co.,* 667 S.W.2d 188 (Tex.App.—Corpus Christi 1983, no writ) conflicts with the cases cited in our majority opinion.

As noted, the one act, Senate Bill 898, both amends Article 1995 and repeals Article 2008, so that when it speaks of the

effective date, that includes the changes in Article 1995. These changes in substantive rights are overlooked in prior opinions and in our majority opinion. Section 1 of the act makes extensive amendments to Article 1995 with its many exceptions to the general venue rule. It is followed by Sections 2 and 3, providing:

Section 2. Article 2008, Revised Civil Statutes of Texas, 1925, as amended, is repealed.

Section 3. This act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

It is the writer's belief that under rules of statutory construction, the interpretation to be given this act is that the former venue statute governs all cases filed prior to the effective date and all cases filed after that date are governed by the amended statute.

The effective date is stated. That is followed by the additional provision as to pending appeals. There is no mention of suits pending in the trial courts, unless attention is given to the provision of the effective date, September 1, 1983. Our question becomes, did the legislature intend that the amendment should alter the venue of pending suits—be retroactive? Our case put venue in issue long before September 1, 1983. The rule of construction is that an act will not be applied retrospectively unless it appears by fair implication from the language of the entire act that it was the intent of the legislature to make it applicable to both past and future transactions. *Ex parte Abell*, 613 S.W.2d 255 (Tex.1981); *Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas*, 573 S.W.2d 502 (Tex.1978); *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Company*, 563 S.W.2d 916 (Tex.1978). And it is held, a statutory amendment is presumed to operate prospectively only. *Amplifone Corporation v. Cameron County*, 577 S.W.2d 567 (Tex. Civ.App.—Corpus Christi 1979, no writ). And the burden of persuasion is on the one

urging retroactive construction. *Id.* Considering the entire act before us, there is no "fair implication" that the legislature intended it to be retroactive. Nothing is presented to overcome the presumption against retroactivity. If the act is construed to be retroactive, then all cases filed prior to September 1, 1983, and not on appeal by that date, are without a remedy. Venue rights applicable to these cases may no longer exist. They are too soon for the new act and too late for the old law. What was pled, how and when, under the old law cannot be used under the new, for as noted, some actions have been abolished and the requirements to qualify for relief under the new law have been so harnessed by new rules of procedure, effective September 1, 1983, that there is no possibility of carrying over into the new what was started under the old. See Rules 86 through 89 inclusive. Tex.R.Civ.P. In fact, a reading of those rules raises the belief that the Supreme Court wrote them with no thought that the act was retroactive. As to construction of venue statutes in particular, Texas courts have many times determined the applicability of an amendment of a venue statute to a case filed before the amendment's effective date. Each time, the courts have held that the law in effect at the time of the filing of suit determined venue, beginning with *Baines v. Jemison*, 86 Tex. 118, 23 S.W. 639 (1893). There the Supreme Court answered as a certified question the very question now before us. The case involved a suit being filed prior to a statutory change in the venue law but tried after the change. It was held the law in effect at the time of filing controlled. For an excellent discussion of the present amendment see McCown, The Effective Date of the Venue Amendments, State Bar Litigation Report, The Advocate, April, 1984, Vol. 3, No. 2. Professor McCown cites authorities for the fact that since the case of *Baines v. Jemison*, "the legislature has never been found to have intended to alter the venue of a pending suit in an amendment to a venue statute."

The instant case does not qualify as an exception from that construction of the legislative intent. There is no right of appeal under the amended act, but this case was filed under the old law and should be processed through the courts under that law. I would consider the appeal.