**MacWHYTE COMPANY, Chancey Equipment Co., et al., Appellants,**

**v.**

**Calixto MORALES, Appellee.**

**No. 08–84–00338–CV.**

Court of Appeals of Texas, El Paso.

March 6, 1985.

Rehearing Denied April 3, 1985.

See also, Tex.App., 688 S.W.2d 205.

Harrell Feldt, Marc L. Skeen, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for MacWhyte Co.

William A. Hicks, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for Chancey.

Mark L. Withrow, Michael C. Steindorf, Turpin, Smith, Dyer & Saxe, Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This purports to be an interlocutory appeal from an adverse venue ruling. The distinctive thing about the present appeal is that there was a prior venue appeal before us in the same matter prior to the effective date of the venue amendments of September 1, 1983. In the previous instance, this Court reversed and remanded the earlier judgment denying the venue transfer. MacWhyte Company and/or Amsted Industries, Inc., Individually and d/b/a MacWhyte Company and/or MacWhyte Wire Rope Company shall hereafter be referred to as MacWhyte, and Chancey Equipment Company as Chancey. We dismiss the present appeal for lack of jurisdiction to entertain this interlocutory appeal.

Calixto Morales, Appellee, suffered personal injuries on December 30, 1976, while on his job site in Pecos County, Texas, when a wire rope on a crane broke. His suit, filed in Pecos County, alleged Appellant MacWhyte manufactured the wire rope and Appellant Chancey sold and distributed it. Both MacWhyte's and Chancey's new pleas of privilege and/or motions to transfer venue were filed after September 1, 1983, and all were overruled by the trial court on August 15, 1984. The chronology pertinent here is as follows:

December 28, 1978—original suit filed in Pecos County, Texas.

December 1, 1982—this Court reversed the trial court's venue decision.

September 1, 1983—the new venue rules went into effect.

October 31, 1983—Chancey filed a new motion to transfer venue.

April 25, 1984—MacWhyte filed a new plea of privilege or in the alternative, a motion to transfer venue.

May 7, 1984—retrial of the venue issue.

August 15, 1984—the trial court overruled the venue motions of both Chancey and MacWhyte to transfer.

We are called upon to determine the applicable law, i.e., which venue statute governs, in order to pass upon the jurisdiction of this Court to entertain this interlocutory appeal. Since we determine that the former law is not applicable, we need not now determine if Plaintiff/Appellee Morales met his burden of proof so as to sustain venue in Pecos County, Texas. That question would nevertheless be confronted ultimately by this Court on an appeal of the case on the merits, should that eventually occur.

■ This Court no longer has jurisdiction over an interlocutory venue appeal. *Wells v. Metro Fina Co.*, 677 S.W.2d 251 (Tex.App.—El Paso 1984, no writ); *Grubbs v. Mercantile Texas Corp.*, 668 S.W.2d 429 (Tex.App.—Eastland 1984, no writ); *Ramcon Corporation v. American Steel Building Company, Inc.*, 668 S.W.2d 459 (Tex. App.—El Paso 1984, no writ); *Boyd v. Raymondville State Bank*, 668 S.W.2d 466 (Tex.App.—Corpus Christi 1984, no writ); *Graue-Haws, Inc. v. The Honorable Lawrence Fuller*, 666 S.W.2d 238 (Tex.App.— El Paso 1984, no writ); *Morrison by Mor-*

*rison v. Williams,* 665 S.W.2d 212 (Tex. App.—San Antonio 1984, no writ); *Byrd v. Pharris,* 663 S.W.2d 856 (Tex.App.—San Antonio 1983, no writ). Contra: *Gonzalez v. H.E. Butt Grocery Co.,* 667 S.W.2d 188 (Tex.App.—Corpus Christi, 1983, no writ).

 Appellants argue that since this Court had remanded the earlier venue matter, the old venue law should now be applied by the trial court and by this Court in hearing the second appeal. They also argue that the law of the case should be applied. A litigant does not have a vested right in procedural rules, and new rules may be put into effect taking away prior remedies provided the litigant is not left without any remedy. *Church v. Crites,* 370 S.W.2d 419 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.). The litigants' remedy here has merely been deferred. The law of the case applies only to matters dealt with in the prior appeal. *Denny v. White House Lumber Company,* 150 S.W.2d 296 (Tex.Civ.App.—Amarillo 1941, writ dism'd). This Court did not determine, in the prior appeal of the venue matter whether the venue law before or after September 1, 1983, should apply to the matter on remand. As to the argument that this Court has continuous jurisdiction over this particular venue matter, this Court retains only enough power over a case to ensure that its decisions are executed. *Wells v. Littlefield,* 62 Tex. 28 (1884). Appellants had received all remedies heretofore ordered by this Court. This Court does not retain jurisdiction to hear a case again after it has been remanded to a trial court unless a second appeal is duly perfected. In this instance, under the amended statute and rule, the appeal does not now lie. Appellants are not left without a remedy. Their appeal has merely been deferred until the matter reaches an appellate court on its merits.

The appeal is dismissed.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent on the basis that this case should be determined under the law existing prior to the September 1, 1983, amendments. I would interpret Senate Bill 898, 68th Legislature (1983), amending Article 1995 and repealing Article 2008, Tex. Rev.Civ.Stat.Ann., to provide that cases filed prior to September 1, 1983, are to be determined under the prior law. Poor legislative draftsmanship has created the problem of the effective date of the legislation and at least eight cases by the courts of appeals have passed on the questions as presented in various procedural stages of trial with varying reasons for the conclusions each reached. To date, the Supreme Court has not had occasion to construe the statute. However, conflict exists. The case of *Gonzalez v. H.E. Butt Grocery, Co.,* 667 S.W.2d 188 (Tex.App.—Corpus Christi 1983, no writ) conflicts with the cases cited in our majority opinion.

As noted, the one act, Senate Bill 898, both amends Article 1995 and repeals Article 2008, so that when it speaks of the effective date, that includes the changes in Article 1995. These changes in substantive rights are overlooked in prior opinions and in our majority opinion. Section 1 of the act makes extensive amendments to Article 1995 with its many exceptions to the general venue rule. It is followed by Sections 2 and 3, providing:

Section 2. Article 2008, Revised Civil Statutes of Texas, 1925, as amended, is repealed.

Section 3. This act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

It is the writer's belief that under rules of statutory construction, the interpretation to be given this act is that the former venue statute governs all cases filed prior to the effective date and all cases filed after that date are governed by the amended statute.

The effective date is stated. That is followed by the additional provision as to pending appeals. There is no mention of suits pending in the trial courts, unless attention is given to the provision of the

effective date, September 1, 1983. Our question becomes, did the legislature intend that the amendment should alter the venue of pending suits—be retroactive? Our case put venue in issue long before September 1, 1983. The rule of construction is that an act will not be applied retrospectively unless it appears by fair implication from the language of the entire act that it was the intent of the legislature to make it applicable to both past and future transactions. *Ex parte Abell*, 613 S.W.2d 255 (Tex.1981); *Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas*, 573 S.W.2d 502 (Tex.1978); *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Company*, 563 S.W.2d 916 (Tex.1978). And it is held, a statutory amendment is presumed to operate prospectively only. *Amplifone Corporation v. Cameron County*, 577 S.W.2d 567 (Tex. Civ.App.—Corpus Christi 1979, no writ). And the burden of persuasion is on the one urging retroactive construction. *Id.* Considering the entire act before us, there is no "fair implication" that the legislature intended it to be retroactive. Nothing is presented to overcome the presumption against retroactivity. If the act is construed to be retroactive, then all cases filed prior to September 1, 1983, and not on appeal by that date, are without a remedy. Venue rights applicable to these cases may no longer exist. They are too soon for the new act and too late for the old law. What was pled, how and when, under the old law cannot be used under the new, for as noted, some actions have been abolished and the requirements to qualify for relief under the new law have been so harnessed by new rules of procedure, effective September 1, 1983, that there is no possibility of carrying over into the new what was started under the old. See Rules 86 through 89 inclusive. Tex.R.Civ.P. In fact, a reading of those rules raises the belief that the Supreme Court wrote them with no thought that the act was retroactive. As to construction of venue statutes in particular, Texas courts have many times determined the applicability of an amendment of a venue statute to a case filed before the amendment's effective date. Each time, the courts have held that the law in effect at the time of the filing of suit determined venue, beginning with *Baines v. Jemison*, 86 Tex. 118, 23 S.W. 639 (1893). There the Supreme Court answered as a certified question, the very question now before us. The case involved a suit being filed prior to a statutory change in the venue law but tried after the change. It was held the law in effect at the time of filing controlled. For an excellent discussion of the present amendment see McCown, The Effective Date of the Venue Amendments, State Bar Litigation Report, The Advocate, April, 1984, Vol. 3. No. 2. Professor McCown cites authorities for the fact that since the case of *Baines v. Jemison*, "the legislature has never been found to have intended to alter the venue of a pending suit in an amendment to a venue statute."

The instant case does not qualify as an exception from that construction of the legislative intent. There is no right of appeal under the amended act, but this case was filed under the old law and should be processed through the courts under that law. I would consider the appeal.