Jimmy TULLOS, Appellant,

v.

EATON CORPORATION, et al., Appellees.

No. 09–83–240 CV.

Court of Appeals of Texas, Beaumont.

March 7, 1985.

Rehearing Denied April 4, 1985.

As Corrected March 18, 1985.

George Chandler, Lufkin, for appellant.

Ralph Zeleskey, Lufkin, Paul Jensen, Houston, Joe Scott Evans, Groveton, for appellees.

## OPINION

BROOKSHIRE, Justice.

Plea of privilege case. The Appellant appeals from an adverse order transferring his alleged cause of action against James Herman Gibson to Trinity County. Tullos' cause of action against Eaton Corporation and James Herman Gibson was filed in Angelina County. It is uncontroverted that Eaton Corporation is a private corporation and that Eaton had no agency or representative in Trinity County—the county of Tullos' residence—at the time the cause of action arose and at that same time the suit was brought against Eaton in the county adjacent and nearest to Trinity County, being Angelina County. Said corporation, at that time, had an agency, office and representative in Lufkin. The suit is lawfully maintainable, under the existing statute at the time of filing, *TEX.REV. STAT.ANN. art. 1995 subd. 23* (Vernon 1964) (repealed), in Angelina County, against Eaton. There are two defendants. *TEX.REV.CIV.STAT.ANN. art. 1995, subd. 29a* (Vernon 1964) (repealed) provided that such suit could be maintained against any and all necessary parties.

The record clearly demonstrates that Eaton owned the equipment which was on the job where Tullos was injured. Eaton had a branch manager in Lufkin who had the authority and power to sell and service Eaton's logging equipment, such as Timberjack skidders and Prentice loaders. This branch manager had salesmen under him. He had the power to hire and fire them. Eaton had mechanics to repair and replace the logging equipment and the brake systems thereon.

Among other testimony, there is evidence that James Herman Gibson ordered a 360 Timberjack by phone from Eaton. When it was delivered, according to some testimony, the brakes were apparently defective in that, after it was unloaded, it nearly ran into a nearby church. Thereafter, Gibson was told "that the thing had a bad hydraulic leak and no brakes, that it needed to be worked on."

A version of evidence of the surrounding events is that when one of the men, apparently a co-employee working with or under Gibson, attempted to push down a tree in the forest the brakes did not work or did not work properly. The Timberjack could not be stopped. The tree was hurled down, hitting and injuring, apparently seriously, Tullos.

It seems reasonably clear from the Statement of Facts on the Plea of Privilege that the posture of the Plaintiff/Appellant is now, and will be, that he will attempt to establish negligence on the part of Eaton Corporation and Gibson, of various sorts. Further, the claimant will attempt to establish theories of strict liability or products liability against Eaton. Against Gibson, he has pleaded failure to provide a safe place to work and failure to provide reasonably safe tools and equipment, pleading that they are non-delegable duties.

The record reveals that there will be a question as to whether Gibson was eligible to be a subscriber under Workers' Compensation Law of Texas. Subject to the resolving of that issue, there will probably be a number of defensive issues inquiring about the Plaintiff/Appellant's acts. Decisional law has been established that, in determining whether a party is a necessary party under *TEX.REV.CIV.STAT.ANN. art. 1995, subd. 29a* (Vernon 1964) (repealed), the non-resident Defendant's joinder will be necessary, if needed to afford complete relief to claimant.

Appellant has alleged that he was an employee of Gibson. Gibson concedes that Tullos pleaded that Gibson acted as an agent for Eaton in furnishing on-the-job defective equipment at the very place where Tullos was trimming branches off downed logs. Joint liability and several liability, as well as a joint cause of action,

is sought to be imposed upon the Defendants/Appellees.

■ It is clear that on the causation questions, in reasonable probability, that both producing cause and proximate cause will be vital issues affecting liability of either or both Defendants/Appellees. We find that the Appellant has proven his cause of action against Eaton, showing the propriety of venue against Eaton in Angelina County. Actually, no contest was made by Eaton. R. McDonald, "Texas Civil Practice in District and County Courts, *1 Texas Civil Practice*, sec. 4.36, page 448 (Rev. 1981), approves this quote:

> "Every party whose joinder in the suit is necessary to the securing of full relief in 'such suit' is a necessary party in the sense that term is used in subdivision 29a."

McDonald's footnote cites *Pioneer Building & Loan Ass'n v. Gray*, 132 Tex. 509, 125 S.W.2d 284 (1939). *Accord Clingingsmith v. Bond*, 150 Tex. 419, 241 S.W.2d 616 (1951). Thereafter, the Supreme Court refined and modified this statement to the effect that a party is necessary within the *subd. 29a* exception: "[I]f the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties." *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 775 (1944).

Also, where the facts and circumstances are such that the negligence or fault of one defendant is imputable to the other, then the defendant to whom the fault was imputed has been held to be a necessary party under *subd. 29a. Whitley v. King*, 227 S.W.2d 241 (Tex.Civ.App.—Waco 1950, no writ). *See Port Terminal RR. Ass'n. v. Leonhardt*, 289 S.W.2d 649 (Tex.Civ.App.—Fort Worth 1956, no writ). *See and compare Schwertner v. Nalco Chemical Co.*, 615 S.W.2d 263 (Tex.Civ.App.—Tyler 1981, writ dism'd).

■ We find and hold that the cause of action against each Defendant/Appellee is intimately intertwined. This is transparently true concerning the damage issue. It is manifest that this is a suit for large, alleged personal injuries and damages.

For this claimant to secure full relief, or complete relief, it is glaringly clear that he should be afforded the opportunity to have concurrently, legally correct allocation of damages under a system of judicially fashioned comparative causation. See and compare the rationale of *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984), sometimes referred to as "Duncan II Opinion". There was a previous case, bearing the same style, *Duncan v. Cessna Aircraft Co.*, 632 S.W.2d 375 (Tex.App.—Austin 1982, writ granted), *reversed*, 665 S.W.2d 414 (Tex.1984), withdrawn February 15, 1984. It has become known as "Duncan I".

Several fairly recent judicial decisions and statutes, as well as the Duncan opinions, Duncan I and II, necessarily affect the defenses available to Appellees and drastically determine, as well, the allocation of damages to multiple defendants. Admittedly "Duncan II" is a late case, decided after this suit.

*General Motors Corp. v. Simmons*, 558 S.W.2d 855 (Tex.1977), involved a factual situation in which strict liability defendants, as well as negligence defendants, were involved. There, the court held that, under such facts, the case did not come within the scope of *TEX.REV.CIV.STAT. ANN. art. 2212a* (Vernon Supp.1985); hence, *TEX.REV.CIV.STAT.ANN. art. 2212* (Vernon 1971) controlled and governed the case. Appellant was injured in 1978. In *General Motors Corp., supra*, handed down on November 9, 1977, the court wrote, at page 862:

> "We observe, however, that the system of comparative negligence and the apportionment of damages among negligent tortfeasors under Article 2212a is different from the division of damages among negligent and strictly liable tortfeasors under Article 2212. The present state of the statutory law permits apportioning contribution upon comparisons of negli-

gent conduct among negligent tort-feasors. It does not provide any mechanism for comparing the causative fault or percentage causation of a strictly liable manufacturer with the negligent conduct of a negligent co-defendant. Article 2212a and the comparative causation advanced in *General Motors Corp. v. Hopkins*, 548 S.W.2d 344 (Tex.1977), portend problems which may retard the orderly trial of personal injury and property damage cases...."

It seems a fair comment to say that in *General Motors Corp. v. Hopkins*, 548 S.W.2d 344 (Tex.1977), the court considered and approached using comparative causation findings applicable in strict products liability cases. There, the plaintiff, Hopkins, had misused a product which was found to be unreasonably defective. Hopkins contributed to his own injuries and damages; the court held that when the injured plaintiff's misuse is a proximate cause of the damaging event, then the jury should determine and allocate the respective percentage which each cause contributed to the event; holding, however, that such misuse would not be an absolute bar to the claimant's recovery. Misuse would be in the nature of a partial defense.

We readily concede that "Duncan I and II" were decided after the alleged date of this Appellant's injuries, being July 13, 1978. Nevertheless, the decisional law existing as of the injury date in our case compellingly leads us to the conclusion that James Herman Gibson is a necessary party. The order sustaining his plea of privilege is reversed and the entire case is to be tried in the District Court of Angelina County.

## ON MOTION FOR REHEARING

BROOKSHIRE, Justice.

▪ For the first time, in his Motion for Rehearing, Appellee, James Herman Gibson, argues that the Court of Appeals lacks jurisdiction to hear the appeal of Appellant, Jimmy Tullos. Gibson argues that we erred in reviewing the trial court's order granting Gibson's Plea of Privilege. We

hold that points of error not raised in Appellee's brief may not, thereafter, be advanced in his Motion for Rehearing. *Aycock v. Travis County*, 255 S.W.2d 910 (Tex.Civ.App.—Austin 1953, writ ref'd). *See also STATE BAR OF TEXAS, APPELLATE PROCEDURE IN TEXAS*, "Motion for Rehearing", Sec. 23.10 at 551 (2d ed. 1979).

The hearing on the Plea of Privilege was held on April 27, 1983. Deposition testimony and in-court testimony was presented. Testimony of nine witnesses was presented along with medical records. The hearing was conducted properly prior to the 1983 amendment of *TEX.REV.CIV.STAT.ANN. art. 1995* (Vernon Pamph.Supp.1985).

Appellee, Gibson, contends that this court totally lacks jurisdiction, arguing that no interlocutory appeal shall lie from such determination. Clearly, he is referring to one sentence of *TEX.REV.CIV.STAT. ANN. art. 1995, sec. 4(d)(1)* (Vernon Pamph.Supp.1985). The amended *art. 1995* was effective September 1, 1983. *Art. 1995, sec. 4(d)(1)* should be construed in its entirety. It reads:

"Hearings. (1) In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue; the court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from such determination."

▪ We hold that it is when the trial court determines the venue questions from the pleadings and affidavits only that no interlocutory appeal shall lie, which is the current practice. The court below did not determine this plea of privilege from the pleadings and affidavits but rather after a full hearing of testimony from nine witnesses.

▪ Gibson's appellate brief, under Counterpoint No. 3, contains the following statements:

"The Trial Court was correct in not applying V.A.T.S., Article 1995, as amended, to the present case, since *the*

*venue law to be applied is the law in effect at the time the hearing was held.*

"... [C]ases have specifically held the venue of an action to be controlled by the law in effect at the time the suit is filed.

"... As such, a defendant has a vested right in having his plea of privilege controlled by the law in effect at the time suit is filed against him.

. . . .

"... Seemingly it is clear, that at the time the *suit was filed and the hearing was held, all parties, and the trial court, were in agreement that the law in effect at that time was controlling.* After the amendment went into effect, Plaintiff made no attempt to gain another hearing or to persuade the trial court that the amended law would control. Defendant *Gibson has a vested right to have the venue in this matter controlled by the law in effect at the time the hearing was held and argued...."* (Emphasis added)

In their briefs, and especially in their oral submissions, both parties took the position that the appeal was properly before us and, therefore, we had jurisdiction to determine the same. After that course of conduct, we believe it unseemly and inappropriate to allege lack of jurisdiction initially in the motion for rehearing.

The occurrence sued on took place July 13, 1978. We observe that six years and eight months have transpired. Under the prior venue statute and practice the parties are still litigating in which county courthouse, or courthouses, the merits of the case should be tried.

We overrule the Motion for Rehearing.

### DISSENT ON MOTION FOR REHEARING

BURGESS, Justice.

I respectfully dissent. The majority has a disdain for the manner in which the jurisdiction question was presented to this court. In that, I agree. I must, however, dissent to the majority's holding that the question of jurisdiction may not be ad-vanced in the appellee's motion for rehearing since it was not raised in his brief. As a general rule the majority is correct. The question of jurisdiction is an exception, if not *the* exception. The jurisdiction of this court may be raised and decided at any stage of the proceedings. *St. Louis Southwestern Ry. Co. of Texas v. Hall,* 98 Tex. 480, 85 S.W. 786 (Tex.1905); *Crawford v. Modos,* 465 S.W.2d 220, (Tex.Civ.App.—Beaumont 1971, no writ).

Our court, this date, in *Reserve Life Insurance Co. v. Blackstock,* No. 09-83-253 CV (Tex.App.—Beaumont, April 4, 1985, no writ) (not yet reported), has aligned itself with other courts of appeal which follow the rule that an interlocutory appeal only lies if the appeal was pending as of September 1, 1983. *See Wells v. Metro Fina Co.,* 677 S.W.2d 251 (Tex.App.—El Paso 1984, no writ); *Voss International, Inc., v. General Portland, Inc.,* 670 S.W.2d 771 (Tex.App.—Austin 1984, no writ); *Grubbs v. Mercantile Texas Corp.,* 668 S.W.2d 429 (Tex.App.—Eastland 1984, no writ); *Boyd v. Raymondville State Bank,* 668 S.W.2d 466 (Tex.App.—Corpus Christi 1984, no writ); *Morrison by Morrison v. Williams,* 665 S.W.2d 212 (Tex.App.—San Antonio 1984, no writ). This appeal was not pending September 1, 1983. I would, therefore, dismiss the appeal.