**Sam BYRD, Appellant,**

v.

**Bobby Lee PHARRIS, Appellee.**

**No. 04–83–00457–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 9, 1983.

"no evidence."

Clarence Williams, San Antonio, for appellant.

James K. Jones, Jr., Laredo, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

PER CURIAM.

This is an attempted appeal from an order overruling appellant's plea of privilege. The hearing on the plea was held on August 13, 1983. An order overruling the plea of privilege was signed on August 30, 1983. Appellant filed his certificate of cash deposit in lieu of an appeal bond on September 22, 1983. Appellee has filed a motion to dismiss the appeal on the ground that the recent amendment to our venue statutes eliminates interlocutory appeals in venue matters. The appeal will be dismissed.

Our venue laws were amended effective September 1, 1983, to provide that interlocutory appeals shall no longer be taken from rulings on venue matters. Act of June 17, 1983, ch. 385, §§ 1 & 2, 1983 Tex.Sess.Law Serv. 2119 (Vernon). Section 3 of this act provides:

> This Act takes effect September 1, 1983, and shall not apply to *pending appeals* on venue questions. For the purpose of *appeals* on venue questions *pending prior to September 1, 1983*, the former law is continued in effect. [Emphasis supplied.]

The issue we must determine is whether this appeal was pending prior to September 1, 1983.

Appellant argues that since the hearing was held and the order was signed prior to September 1, 1983, and since his appeal was perfected within the time limits provided in our Rules of Civil Procedure, questions of venue were pending prior to September 1, 1983. We do not agree.

When a bond is required by law, the appeal is perfected when the bond or affidavit or cash certificate in lieu thereof is timely filed. Rule 356(a).[1] In this case, appellant's appeal would not have been perfected prior to the deposit of his $500.00 in cash in lieu of the appeal bond on September 22, 1983. *Puckett v. Frizzell,* 402 S.W.2d 148, 153 (Tex.1966). Our jurisdiction does not attach until the appeal is perfected. *Ammex Warehouse Co., Inc. v. Archer,* 381 S.W.2d 478, 482 (Tex.1964). Thus, before the perfection of the appeal and the concomitant attachment of our jurisdiction, no appeal exists. An appeal cannot be said to be "pending" until it is perfected and our jurisdiction attaches.

Since the appeal was not pending prior to September 1, 1983, there is no statutory authority permitting such an interlocutory appeal. The appeal is dismissed for want of jurisdiction.

1. All references to rules are to the Texas Rules of Civil Procedure.