Arturo **GONZALEZ**, Appellant,

v.

**H.E. BUTT GROCERY, COMPANY,**
Appellee.

**No. 13–83–431–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1983.

Joseph R. Preston, Clark & Preston, P.C., Mission, for appellant.

Marshall W. Graham, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellee.

Before NYE, C.J., and BISSETT, YOUNG, UTTER, KENNEDY and GONZALEZ, JJ., Sitting En Banc.

## OPINION

BISSETT, Justice.

In this plea of privilege case, appellee, H.E. Butt Grocery Company, has filed a motion to dismiss this cause for want of jurisdiction. Appellee predicates its motion on the recent changes effective September 1, 1983 to the venue statute, Tex.Rev.Civ. Stat.Ann. art. 1995 (effective September 1, 1983) and to Rules 86, 87, and 88, Tex.R. Civ.P. The amended Rule 87 § 6, effective September 1, 1983, provides that there are no longer any interlocutory appeals from a trial court's ruling on venue. Tex.Rev.Civ. Stat.Ann. art. 1995 § 3 (effective September 1, 1983) provides that "[t]his act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purposes of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect."

The transcript reveals that, on June 23, 1983, appellant filed its original petition. On July 20, 1983, appellee filed its plea of privilege. On July 21, 1983, appellant filed its controverting plea. On August 15, 1983, a hearing was set on the plea of privilege for August 30, 1983. On August 30, 1983, a hearing was held on the plea of privilege and the plea was sustained by order signed that date. On September 8, 1983, appellant filed his affidavit of inability to pay costs of appeal in lieu of cost bond, thereby perfecting appeal to this Court.

It is appellee's contention that Tex.Rev. Civ.Stat.Ann. art. 1995 § 3 (effective September 1, 1983) means that, unless a venue question was *on appeal* prior to September 1, 1983, it is subject to the amended rules and statute. Specifically, appellee contends that an appeal must have been perfected in the venue matter prior to the effective date of the statute or it is subject to the amended rules and statute. We disagree.

The proper construction of § 3 of the new art. 1995 entails a consideration of both sentences contained in the section. The first sentence applies to cases in which appeal had been perfected prior to September 1, 1983. The sentence does not, however, affect venue cases where the trial court had rendered judgment before September 1, 1983, but appeal from such judgment had not been perfected until after September 1, 1983; however, the second sentence of § 3 does affect those cases.

In this cause, the plea of privilege had been filed, a hearing held thereon, and an order entered prior to September 1, 1983. The case was tried under all of the venue rules and law as it existed prior to September 1, 1983. Under the plain construction of the second sentence of § 3, there was a *venue question pending* prior to September 1, 1983, and therefore the former law is to be applied which includes the right to an

interlocutory appeal. Appellee's motion to dismiss for want of jurisdiction is denied.