**VOSS INTERNATIONAL, INC.,**
Appellant,

v.

**GENERAL PORTLAND, INC., Appellee.**

**No. 14103.**

Court of Appeals of Texas,
Austin.

May 16, 1984.

Mark K. Glasser, Porter & Clements, Houston, for appellant.

Franklin H. Perry, Dallas, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Appellant, Voss International, Inc., filed a plea of privilege in the District Court of Comal County, Texas, on February 22, 1983, seeking transfer of the cause to Harris County. After a hearing on August 16, the trial court signed the order overruling the plea of privilege on September 13. The

appellant filed a cash deposit in lieu of an appeal bond and thus perfected the appeal on October 5, 1983. The cause now pending before this Court is an interlocutory appeal from the order overruling the plea. The appellee, General Portland, Inc., has filed a motion to dismiss the appeal for want of jurisdiction. The basis for this motion is the 1983 amendment of Tex.Rev. Civ.Stat.Ann. art. 1995 (Supp.1984), which prohibits an interlocutory appeal on a venue ruling.

We will grant the motion and dismiss the appeal.

■ Article 1995, as amended, provides that "No interlocutory appeal shall lie from such [a venue] determination." Tex.Rev. Civ.Stat.Ann. art. 1995, § 4(d)(1) (Supp. 1984). The 1983 amendatory act states:

> This Act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

1983 Tex.Sess.Law Serv., ch. 385, § 3, at 2119. Appellee contends that under the preceding provision, the amended art. 1995 prohibits appellant's interlocutory appeal because the appeal was not pending prior to September 1, 1983.

In its response to the motion, appellant concedes that its appeal was not pending prior to September 1, and that the current art. 1995 prohibits interlocutory appeals. Appellant argues, however, that the amended art. 1995 does not apply. Because the plea of privilege was filed in February, appellant characterizes the *venue question* as pending prior to September 1. Under the provisions of § 3 of the amended article, appellant contends it remains entitled to its interlocutory appeal because there was a venue question pending prior to September 1, 1983. Appellant relies on the decision in *Gonzalez v. H.E. Butt Grocery Company,* 667 S.W.2d 188 (Tex.App.—Corpus Christi, 1983).

In *Gonzalez,* the court held that the former venue statute, including the right to an interlocutory appeal, applies to any *venue question* pending prior to September 1, 1983. There the appellee filed its plea of privilege on July 20, 1983. The trial court sustained the plea and signed the order on August 30. On September 8, appellant filed his affidavit of inability to pay costs in lieu of cost bond and perfected the appeal. Appellee then filed a motion to dismiss the appeal for want of jurisdiction; the court overruled the motion. Because the trial court had signed an order *prior* to September 1, the court concluded there was a venue question pending prior to September 1. That being the case, the court was of the opinion that the former law applied and an interlocutory appeal was available. *Id.*

The facts in the instant case, however, are distinguishable from those of *Gonzalez.* Unlike the order in *Gonzalez,* the order overruling Voss' plea of privilege was signed *after* the effective date of the amended article. Under the holding of *Gonzalez,* therefore, Voss did not have a venue question pending on September 1, or the right to an interlocutory appeal.

■ We also note that, although the two causes are factually different, we are not in agreement with the opinion in *Gonzalez.* The first clause of § 3 of the amendatory act expressly exempts pending *appeals* from the provisions of the amended article. In our view, the second clause does not provide an additional exception, but simply states the converse of the first clause (i.e., the *former provisions do* apply to appeals pending on September 1). The bill analysis by the House Judiciary Committee supports this conclusion. The Committee noted that the purpose of the revised art. 1995 was to correct specific criticisms "leveled at 6 aspects of our present law ...," one of which is "[t]he allowance of interlocutory appeals of rulings on venue." Texas Legislature, House Judiciary Committee, S.B. 898: Bill Analysis, 68th Legis., Regular Sess., 1982. The Committee summarized § 3 of the venue bill as enacted, "Effective September 1, 1983, but prior law continued in effect for pending appeals." *Id.* at 2. The Committee recog-

nized only one exception, pending appeals, to the act's prohibition of interlocutory appeals. When the legislature states a specific exception, the legislative intent that the statute should apply in all cases not excepted is clear. *State v. Richards*, 157 Tex. 166, 301 S.W.2d 597, 600 (1957); *Providence Hospital v. Truly*, 611 S.W.2d 127, 133 (Tex.Civ.App.1980, writ dism'd). Consequently, we follow the legislative intent and, as to the availability of appeal, we conclude that there is a single exception to the amended art. 1995.

Other recent decisions support this conclusion. In *Byrd v. Pharris*, 663 S.W.2d 856 (Tex.App.1983, no writ), the court dismissed the appeal from a venue ruling for want of jurisdiction. The order overruling the plea of privilege was signed on August 30, 1983. The certificate of cash deposit in lieu of bond was filed and the appeal perfected on September 22. Since an appeal is not pending until it is perfected, appellant's appeal was not pending prior to the effective date. Because the appeal was not pending prior to September 1, 1983, the Fourth Court of Appeals held "there is no statutory authority permitting such an interlocutory appeal." *Id.* at 857. See also *Boyd v. Raymondville State Bank*, 668 S.W.2d 466 (Tex.App.—Corpus Christi, 1984); *Grubbs v. Mercantile Texas Corporation*, 668 S.W.2d 429 (Tex.App.—Eastland, 1984).

In *Graue-Haws, Inc. v. Fuller*, 666 S.W.2d 238 (Tex.App.—El Paso, 1984), the court also found only one exception to the applicability of the new venue provisions. The trial court held that the 1983 amendment controlled the disposition of relator's plea of privilege, sustained venue, and overruled the plea of privilege. Relator sought a writ of mandamus to vacate the order and to transfer the case. As in *Voss*, the trial court signed the order on the venue question after September 1, 1983. Relator contended that the language of the 1983 venue act excepts venue matters pending on September 1, 1983 from the amended provisions. The court disagreed and concluded "the legislature made one exception to the applicability of the new

statute"—pending appeals. Because relator's plea was not within the exception, the amended art. 1995 controlled the plea's disposition. *Id.* On motion for rehearing, the court considered the decision in *Gonzalez* and rejected that court's interpretation of § 3. See also *Ramcon Corp. v. American Steel Building Co., Inc.*, 668 S.W.2d 459 (Tex.App.—El Paso, 1984).

This Court will follow the decisions in *Byrd v. Pharris, supra,* and *Graue-Haws, Inc. v. Fuller, supra.* Because Voss' appeal was not pending prior to September 1, 1983, we dismiss the appeal. If Voss does not prevail in the trial on the merits, it may raise the venue question in an appeal on the merits. We do not, however, reach the question whether the former law (i.e., the applicability of the statutory exclusions prior to the 1983 amendment) applies in that instance.