**RESERVE LIFE INSURANCE COMPANY, Appellant,**

v.

**Ann Martha BLACKSTOCK, Appellee.**

**No. 09 83 253 CV.**

Court of Appeals of Texas, Beaumont.

April 4, 1985.

Joe Bailey Humphreys, Susan Jennings, Dallas, for appellant.

Kenzy D. Hallmark, Lufkin, for appellee.

OPINION

DIES, Chief Justice.

Appellee, Ann Martha Blackstock, as plaintiff below, filed suit in the District

**16**

Court of Angelina County against appellant, Reserve Life Insurance Company, defendant below, for benefits under a hospitalization insurance policy. The suit was filed July 8, 1983. Defendant filed a plea of privilege to be sued in Dallas County, Texas. The date of filing was August 1, 1983. On September 13, 1983, the court heard evidence as under the previous practice in Texas, and overruled the plea maintaining venue in Angelina County, from which defendant brings this appeal.

Defendant's able brief has several points of error but they can be answered in two questions. The first is, did the court follow the proper procedure in hearing testimony on the plea? And, second, are *sections 4(d)(1) and (2) of Article 1995, TEX.REV. CIV.STAT.ANN.*, amended by Acts 1983, 68th Leg., p. 2119, Ch. 385, Sec. 1, effective September 1, 1983, constitutional? To the first, we answer in the negative; to the second, we answer in the affirmative.

*TEX.REV.CIV.STAT.ANN. art. 1995, sec. 4* (Vernon Pamph.Supp.1964 to 1985), effective September 1, 1983, provides:

"(d) Hearings. (1) In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue; the court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from such determination.

"(2) On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper the appellate court shall consider the entire record, including the trial on the merits."

Section 3 of Senate Bill 898 (the Amendatory Act) provides:

"This Act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect."

*See also* note to *TEX.REV.CIV.STAT. ANN. art. 1995* (Vernon Pamph.Supp.1964 to 1985).

■ Defendant's appeal was not pending in this Court on September 1, 1983. Therefore, the Amendatory Act prevails. *See Voss International, Inc. v. General Portland, Inc.*, 670 S.W.2d 771 (Tex.App.—Austin 1984, no writ); *Byrd v. Pharris*, 663 S.W.2d 856 (Tex.App.—San Antonio 1983, no writ).

■ As to the challenge to the Act's constitutionality, defendant cites no authority which we regard to be in point.

■ Defendant did not ask for a jury trial. When the trial is conducted on the merits, defendant may demand a jury and, if it desires, appeal on venue questions. We take judicial notice that prior to the effective date of this Act, far too many appeals on venue questions (often specious) were taken to this Court, resulting in needless delay. All of defendant's points of error are overruled. This appeal is dismissed.

Dismissed.