Ms. Joyce A. Hammer Executive Director Board of Vocational Nurse Examiners 1300 East Anderson Lane Building C, Suite 285 Austin, Texas 78752
Re: Meaning of "approved course of not less than 12 months" for purposes of the Licensed Vocational Nurse Act, article 4528c, V.T.C.S.
Dear Ms. Hammer:
You have requested our assistance to clarify the meaning of certain language in the Licensed Vocational Nurse Act, article 4528c, V.T.C.S. Specifically, you ask whether subsection 6(a) of the act, providing that an applicant for the licensing examination administered by the Board of Vocational Nurse Examiners submit proof that the applicant "has completed an approved course of not less than twelve (12) months in an approved school for educating vocational nurses," literally requires that the course be of at least 12 months in duration.
Your concerns about the 12-month minimum educational requirement of article 4528c stem from what you describe as the trend in most states (including Texas) to remove vocational nurse training from the hospital setting to the academic setting. In light of this trend, you suggest that these programs cannot be literally described as being 12 months in duration.
The guiding rule of statutory construction is to give effect to the intention of the legislature. City of Sherman v. Public Utility Commission of Texas, 643 S.W.2d 681, 684 (Tex. 1983). In general, statutory time provisions are construed strictly, for the simple reason that such requirements are clear and unambiguous and therefore leave little doubt of the legislature's intent. See, e.g., Attorney General Opinions JM-278 (1984) (statute requiring five years' active professional experience "immediately preceding" license application means five years nearest to the date of filing of the application); JM-107 (1983) (a jail sentence of 72 hours requires prisoner to be released upon expiration of that period or as close to that time as is practicable); H-840 (1976) (former section 4(c) of article 4528c, requiring director of training to "have had at least five (5) years experience in teaching nursing . . ." must be applied and enforced as it reads regardless of the "justice of its effect").
Article 4528c was substantially amended in 1981. Acts 1981, 67th Leg., ch. 787, at 2990. Subsection 6(a) was amended to eliminate the need for an applicant for examination to submit proof of certain personal qualifications — e.g., age, character, physical and mental condition, and citizenship. See S.J. of Tex., 67th Leg., 2238, 2244 (1981). The language requiring proof of the applicant's successful completion of an approved course in vocational nursing was only slightly modified; however, the 12-month minimum course requirement was left intact. Id. Sections 6 and 7 were amended once more during the last legislative session. House Bill No. 823. Acts 1985, 69th Leg., ch. ___, at ___ (not yet published). Once again, the 12-month durational requirement was preserved. Id. Consequently, because the legislature is presumed to be acquainted with conditions affecting the subject matter of legislation, Brown v. Memorial Villages Water Authority, 361 S.W.2d 453 (Tex.Civ.App.-Houston [14th Dist.] 1962, writ ref'd n.r.e.), we must presume that the legislature intended the 12-month provision to remain in effect, notwithstanding the trend to conduct vocational nurse training in the classroom rather than in the hospital.
Article 4528c clearly prescribes the minimum duration of an approved course in vocational nursing. The board may not waive the 12-month minimum educational requirement, for it is clear that an administrative agency may not waive statutory requirements in the licensing process. Attorney General OpinionMW-131 (1980). Furthermore, the board may not create an exception for any institution, either by rule or agreement, in any circumstance not expressly authorized by article 4528c. See V.T.C.S. art. 4528c, §§ 6(b), 7. See also Boss International, Inc. v. General Portland, Inc., 670 S.W.2d 771 (Tex.App.-Austin 1984, no writ) (where the legislature states a specific exception to a statute, legislative intent that statute should apply in all cases not excepted is clear).
Accordingly, subsection 6(a) must be administered as it reads regardless of the "justice of its effect." Attorney General Opinion H-840 (1976). Furthermore, because we believe the wording of article 4528c, subsection 6(a) is clear and unambiguous, it must be given a literal interpretation and any defects or deficiencies must be corrected by the legislature and not this office. See Armstrong v. Harris County, 669 S.W.2d 323
(Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.).
 SUMMARY
The 12-month minimum educational requirement of article 4528c, subsection 6(a), requires that an approved course in vocational nursing amount to at least 12 months of instruction.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General