OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 20, 2001

The Honorable Clyde Alexander
Chairman, Committee on Transportation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0343

Re: Applicability of the weight limits in chapters 621 and 622 of the Transportation Code to ready-mixed concrete trucks (RQ-0285-JC)

Dear Representative Alexander:

You have asked this office to consider the relation of two sections of the Transportation Code – section 621.102, which authorizes the Texas Transportation Commission to set load limits on particular highways and roads, and section 622.012, which sets a maximum weight for ready-mixed concrete trucks.[1] See TEX. TRANSP. CODE ANN. §§ 621.102, 622.012 (Vernon 1999). You ask, in effect, whether a ready-mixed concrete truck which has a "gross load . . . not heavier than 69,000 pounds," see id. § 622.012(b), may pass over every state highway or farm or ranch road, even those for which the commission has set a lower weight limit, so long as the owner has filed a surety bond with the Department of Transportation in accordance with section 622.013 of the Transportation Code.[2] We conclude, in accordance with the long-standing interpretation of the Texas Department of Transportation and the Texas Department of Public Safety, that such is not the case.[3] Rather, we read section 622.012(b) as permitting the operation of a properly bonded ready-mixed concrete truck with such a gross load unless the Texas Transportation Commission has made a finding pursuant to section 621.102 that a lower maximum gross weight of vehicles and their loads is necessary on a particular highway or road because "heavier maximum weight would rapidly deteriorate or destroy the road or a bridge or culvert along the road." See id. § 621.102(a).

The general formula for determining the maximum weight at which a "vehicle may . . . be operated over or on a public highway" outside a municipality or a state-maintained public highway within a municipality is determined by section 621.101 of the Transportation Code. See id.

---

[1]See Letter from Honorable Clyde Alexander, Chairman, Committee on Transportation, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Sept. 13, 2000) (on file with Opinion Committee).

[2]See id.

[3]See Letter from Mary Ann Courter, General Counsel, Texas Department of Public Safety, to Susan D. Gusky, Chair, Opinion Committee, Texas Attorney General (Oct. 18, 2000) (on file with Opinion Committee) [hereinafter DPS Brief]; Letter from Richard D. Monroe, General Counsel, Texas Department of Transportation, to Honorable John Cornyn, Texas Attorney General (Sept. 29, 2000) (on file with Opinion Committee) [hereinafter TXDOT Brief].

§ 621.101 (Vernon Supp. 2001). Additionally, section 621.102 of the Transportation Code provides for the Transportation Commission to set particular maximum weights. Section 621.102 of the Transportation Code reads in relevant part:

> (a) The [Transportation Commission] may set the maximum gross weight of a vehicle and its load, maximum gross weight of a combination of vehicles and loads, maximum axle load, or maximum wheel load that may be moved over a state highway or a farm or ranch road if the commission finds that heavier maximum weight would rapidly deteriorate or destroy the road or a bridge or culvert along the road. *A maximum weight or load set under this subsection may not exceed the maximum set by statute for that weight or load.*
>
> . . . .
>
> (e) This section does not affect a law that authorizes or provides for a special permit for a weight heavier than the maximum weight provided by law.
>
> . . . .
>
> (g) This section does not apply to a vehicle delivering groceries, farm products, or liquefied petroleum gas.

*Id.* § 621.102 (Vernon 1999) (emphasis added).

The maximum weight must be set by an order entered in the commission's minutes and must be based upon an engineering and traffic investigation. *See id.* § 621.102(b), (c). It becomes effective when posted. *See id.* § 621.102(d).

Section 622.012 of the Transportation Code, setting weight limits for ready-mixed concrete trucks, reads as follows:

> (a) A ready-mixed concrete truck may be operated on a public highway of this state *only* if the tandem axle load is not heavier than 46,000 pounds and the single axle load is not heavier than 23,000 pounds.
>
> (b) A truck may be operated at a weight that exceeds the maximum single axle or tandem axle load limitation by not more than 10 percent if the gross load is not heavier than 69,000 pounds.

*Id.* § 622.012 (emphasis added). Ready-mixed concrete trucks with tandem axle loads greater than 34,000 pounds require surety bonding to pay the state for any damage to a highway caused by their operation. *See id.* § 622.013.

It has been suggested that section 622.012 provides an exception for ready-mixed concrete trucks to the weight limitations on specific highways and bridges authorized by section 621.102. We disagree.

We note that section 621.102 provides that "[a] maximum weight or load set under this subsection may not exceed the maximum set by statute for that weight and load." *Id.* § 621.102(a). As a brief prepared by the Department of Transportation argues: "By choosing language to recognize that different kinds of vehicles have different maximum weights under the various statutes, the legislature made clear that it intended the commission's authority to encompass all these vehicles."[4] Indeed, were section 622.012 and the various other specific weight limitations of chapter 622 to be treated as exceptions to the power of the commission to set particular limitations on specific highways and bridges, the second sentence of section 621.102(a) would be meaningless. We are enjoined not to construe statutes so that their language is meaningless. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (entire statute intended to be effective).

Vehicles containing only three kinds of merchandise – groceries, farm products, and liquified petroleum – are specifically excepted from section 621.102. *See* TEX. TRANSP. CODE ANN. § 621.102 (Vernon 1999). Ready-mixed concrete is not encompassed in any of these three kinds of merchandise. This office cannot increase the exceptions the legislature has explicitly given. *See Pub. Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988) ("A court may not write special exceptions into a statute so as to make it inapplicable under certain circumstances not mentioned in the statute."); *accord Destec Energy, Inc. v. Houston Lighting & Power Co.*, 966 S.W.2d 792, 797 (Tex. App.–Austin 1998, no pet.) ("A court may not add its own special exceptions into a statute."); *Voss Int'l Inc. v. Gen. Portland, Inc.*, 670 S.W.2d 771, 773 (Tex. App.–Austin 1984, no writ) ("When the legislature states a specific exception, the legislative intent that the statute should apply in all cases not excepted is clear.").

Nor are we persuaded by the argument that section 622.012 must present ready-mixed concrete trucks with an unconditioned right of passage over all state highways and farm-to-market roads because it is contained in a chapter entitled "Special Provisions and Exceptions for Oversize and Overweight Vehicles." *See* TEX. TRANSP. CODE ANN. §§ 622.011-.017 (Vernon 1999) (relating to vehicles carrying ready-mixed concrete). "[T]he title of a statute is not controlling over the unambiguous language which appears in the body of the statute." *Hill v. Tex. Council Risk Mgmt. Fund*, 20 S.W.3d 209, 214 (Tex. App.–Texarkana 2000, pet denied); *see also Woodruff v. City of Laredo*, 686 S.W.2d 692, 695 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.). Moreover, in this instance the word "exception" in the chapter title is itself ambiguous. Are the "exceptions" exceptions to all weight limitations in chapter 621, as this argument would suggest, or to section

---

[4]TXDOT Brief, *supra* note 2, at 3.

621.101, which sets general maximum weights? Reference solely to the title of chapter 622, or to that sentence of the Revisor's Note to section 621.502 which provides that chapter 622 "provide[s] several exceptions to the weight and size limitations provided by this chapter" will not answer that question. *See* TEX. TRANSP. CODE ANN. § 621.502 revisor's note (Vernon 1999).

We do not think it is significant that the legislature has not reiterated the power of the commission to set specific load limits in chapter 622, as it has the power of counties and the federal government. *See id.* §§ 622.014, .016. Section 622.016 essentially indicates the legislature's awareness that, pursuant to the Supremacy Clause of the United States Constitution, state law cannot permit higher load limits on federal highways than federal law allows. *See id.* § 622.016. Section 622.014 reiterates the power of counties in this regard because counties, unlike the state, have only such authority as is specifically provided by or necessarily implicit in a statutory grant. *See id.* § 622.014; *see also Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). Accordingly, the power of the commission having been granted in section 621.102, there is no necessity to reiterate it in chapter 622.

Further, we agree with the Department of Public Safety that the surety bond required by section 622.013 is not a "special permit" within the meaning of section 621.102(e). Special permits are dealt with in chapter 623 of the Transportation Code, "Permits for Oversize or Overweight Vehicles." *See generally* TEX. TRANSP. CODE ANN. §§ 623.001-.219 (Vernon 1999 & Supp. 2001). That chapter covers special permits for a variety of such vehicles, including *inter alia* commercial motor vehicles, heavy equipment, manufactured housing, portable building units, and oil well servicing and drilling machinery. *See id.* §§ 623.011, .071, .091, .121, .141. While some of these permits require bonds, nothing in chapter 623 suggests that the surety bond required by section 622.013 constitutes a special permit.

In our view, the perceived irreconcilability between these statutes can be harmonized by holding that, pursuant to section 622.012, properly bonded ready-mixed concrete trucks with a gross load not heavier than 69,000 pounds may be operated on public highways unless the particular highway or bridge in question is subject to a lower maximum weight set by order of the Texas Transportation Commission in accordance with section 621.102 of the Transportation Code. We note that this interpretation is shared by the Department of Public Safety, the agency of the state charged with enforcement of laws protecting the public safety, *see* TEX. GOV'T CODE ANN. § 411.002(a) (Vernon Supp. 2001),[5] and by the Department of Transportation, which is responsible through the Transportation Commission, its governing body, for the promulgation of the load limits in question, *see* TEX. TRANSP. CODE ANN. § 621.102 (Vernon 1999). We further note that this

---

[5]*See also* TEX. GOV'T CODE ANN. §§ 411.003(a) (Vernon 1998) (Public Safety Commission controls department); .004 (Vernon Supp. 2001) (Public Safety Commission shall "formulate plans and policies for . . . enforcement of . . . traffic, and safety laws.").

interpretation is of long standing.[6]  Indeed, correspondence attached to the Department of Public Safety's brief indicates that the department has so interpreted the statutory scheme since at least 1984.[7]  "Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993); *see also Rylander v. B&A Mktg. Co.*, 997 S.W.2d 326, 331 (Tex. App.–Austin 1999, no pet.); Tex. Att'y Gen. Op. Nos. JC-0330 (2001) at 2; JC-0164 (1999) at 5-6; JC-0117 (1999) at 6.

---

[6]*See* DPS Brief and TXDOT Brief, *supra* note 2.

[7]*See* DPS Brief, *supra* note 2 (correspondence attached dated May 29, 1984).

**S U M M A R Y**

Pursuant to section 622.012 of the Transportation Code, properly bonded ready-mixed concrete trucks with a gross load not heavier than 69,000 pounds may be operated on public highways unless the particular highway or bridge in question is subject to a lower maximum weight set by order of the Texas Transportation Commission in accordance with section 621.102 of the Transportation Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee